Mary Lou KOTTCAMP,
Appellant (Plaintiff),

v.

FLEET REAL ESTATE FUNDING
CORPORATION, Appellee
(Defendant).

No. 89-66.

Supreme Court of Wyoming.

Nov. 28, 1989.

Sky D. Phifer of Phifer Law Office, Lander, for appellant.

Richard L. Williams of Williams, Porter, Day & Neville, Casper, Don H. Meinhold and Elizabeth A. Bassler of Shapiro & Meinhold, Colorado Springs, Colo., for appellee.

Before CARDINE, C.J., THOMAS and MACY, JJ., RAPER, Ret. J., and WOLFE, D.J.

RAPER, Justice, Retired.

This appeal involves the applicability of 42 U.S.C. § 1983 (1983)[1] to a mortgage foreclosure sale where the county sheriff handles the sale. The district judge held that the participation by the sheriff was not significant enough to constitute State action under the Fourteenth Amendment and therefore plaintiff (appellant) was not deprived of due process secured by the Fourteenth Amendment.

We will affirm the district court.

The facts are not in dispute. Appellant brought this action against the appellee which had begun a foreclosure by advertisement and sale. No opportunity was afforded by appellee for a hearing by which appellant could present available defenses to the foreclosure proceeding. The specific defense claimed by appellant was that appellant and appellee as mortgagee had reached an agreement whereby appellant would be permitted to deed over to appellee the mortgage in lieu of foreclosure in full satisfaction of all claims under the mortgage. The sheriff of Fremont County was to conduct the foreclosure sale.

The parties made and filed a stipulation providing for acceptance of a deed by appellee in lieu of foreclosure along with payment of attorney fees and costs and appellant agreed to dismiss its claims except that filed pursuant to § 1983 of the federal code.

Appellant relies heavily on *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982) which concerns the relationship between the requirement of "State action" to establish a violation of the Fourteenth Amendment and the requirement of action "under color of state law" to establish a right to recover under § 1983. In that case, suit on a debt was filed and prejudgment attachment of the debtor's property was sought. The court held that attachment procedures ex parte in character violate due process. *Lugar*, 457 U.S. at 939 n. 21, 102 S.Ct. at 2755 n. 21 confines *Lugar* to prejudgment attachment and does *not* hold that a private party's mere invocation of state legal procedures constitutes "joint participation" as a conspiracy with state officials satisfying the § 1983 requirement of "action under color of law."

---

1. 42 U.S.C. § 1983 (1983) reads:
    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory * * *, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or the proper proceeding for redress.

We readily understand the Supreme Court's narrowing *Lugar* to prejudgment attachment and requiring an opportunity to hear any defenses the debtor may have to the seizure of his property at that early stage of litigation. On the other hand, when a mortgage foreclosure is involved, the parties have by the provisions of their contract agreed upon a procedure to be followed. In this case, appellant agreed that foreclosure could be by advertisement and sale according to Wyoming statutes governing mortgage foreclosures. W.S. 34-4-106 provides that the sale shall be "by the person appointed for that purpose in the mortgage or by the sheriff or deputy sheriff of the county, to the highest bidder." No one was named in the mortgage here to handle the sale, so by contract that duty fell upon the sheriff, all by consent and agreement of appellant.

A number of federal cases involving mortgage foreclosure hold that the power of sale contained in the mortgage creates the authority of the sheriff to conduct the sale, not the state. There is no direct state involvement and thus no significant state action. The power of the state is invoked by the private contractual agreement between the parties which is the driving force. The term "nexus" is used to identify a connection with the state. In the facts before us, there was no such nexus. *Charmicor v. Deaner*, 572 F.2d 694 (9th Cir.1978); *Northrip v. FNMA*, 527 F.2d 23 (6th Cir.1975); *Barrera v. Security Building and Investment Corporation*, 519 F.2d 1166 (5th Cir.1975); *Bryant v. Jefferson Federal Savings and Loan Association*, 509 F.2d 511 (D.C.Cir.1974). The one mortgage foreclosure case relied on by appellant, *Dieffenbach v. Attorney General of Vermont*, 604 F.2d 187 (2nd Cir.1979) is inapplicable in that the mortgage implicated there contained no power of sale provision.

In a recent § 1983 case, the Wyoming Supreme Court held that the mere presence of state officers and employees on a governing board of an agency does not amount to state action. *Chasson v. Community Action of Laramie County, Inc.*, 768 P.2d 572 (Wyo.1989). The foreclosure picture is similar.

Since we find no state action here, the district court is affirmed.

THOMAS, J., filed a specially concurring opinion.

THOMAS, Justice, specially concurring.

I concur in the result reached by the majority opinion in this case, and I agree with the rationale that is articulated. I have another concern with respect to Mary Lou Kottcamp's contentions.

The invocation of a cause of action under 42 U.S.C. § 1983 depends upon the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws, * * *." I am not aware of any precedent standing for the proposition that a statutory provision authorizing foreclosure of a real estate mortgage pursuant to a power of sale results in the deprivation of "any rights, privileges, or immunities secured by the Constitution and laws." Kottcamp has failed to present any such authority in her brief or argument. The essence of Kottcamp's position is that she was deprived of due process by virtue of the foreclosure sale, and I cannot agree that there occurred any invasion of her constitutional rights.

The thrust of her position simply is that foreclosure pursuant to the power of sale, which was consummated by the sale of the property, resulted in a breach of an agreement by Fleet Real Estate Funding Corporation to accept a deed in full satisfaction of its claims against her. If such a breach of contract did occur, Kottcamp is not left without any remedy for that breach, and her concerns in that regard simply carry no constitutional implications.

I would not reach the question of whether the participation by the sheriff of Fremont County in the foreclosure sale could be equated with action "under color of state law" because there first must occur an invasion of the claimant's constitutional rights. None occurred here.