James ZARTMAN, Mary DeLancy, Roger Morphew, Individually and on behalf of the class of persons herein described, Plaintiffs–Appellants,

v.

SHAPIRO AND MEINHOLD, Gerald M. Shapiro, Don H. Meinhold, P.C., Haligman and Lottner, P.C., Kevin H. Burke & Associates, P.C., Janet M. Adams, in her official capacity as Clerk of the Denver District Court and on behalf of the class of persons herein described, E. Marie Gardner, in her official capacity as Clerk of the El Paso District Court and on behalf of the class of persons herein described, Patricia Patterman, in her official capacity as Clerk of the Boulder District Court and on behalf of the class of persons herein described, Defendants–Appellees.

No. 89CA1769.

Colorado Court of Appeals, Div. A.

Oct. 25, 1990.

Rehearing Denied Nov. 23, 1990.

Certiorari Granted May 20, 1991.

Law Office of Kathleen Mullen, P.C., Kathleen Mullen, Benjamin Sachs, Denver, Stone, Sheehy, Rosen & Byrne, P.C., Andrew Rosen, Boulder, for plaintiffs-appellants.

Phillip A. Vaglica, Retherford, Mullen, Rector & Johnson, Jerry A. Retherford, Colorado Springs, for defendants-appellees Shapiro and Meinhold, Gerald M. Shapiro and Don H. Meinhold, P.C.

Richard I. Brown, Scott L. Levin, Solomon L. Leftin, Englewood, for defendants-appellees Haligman and Lottner, P.C.

Hall & Evans, Edward H. Widmann, John E. Bolmer, II, Denver, for defendant-appellee Kevin H. Burke & Associates, P.C.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Neil L. Tillquist, Asst. Atty. Gen., Denver, for defendants-appellees District Court Clerks.

Opinion by Chief Judge STERNBERG.

The plaintiffs, property owners, filed a class action suit against defendant-attorneys for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq. (1982), and against defendant-district court clerks under 42 U.S.C. § 1983 (1982) for violations of the Due Process Clause of the United States Constitution. The property owners appeal the order which granted the defendants' motions

to dismiss pursuant to C.R.C.P. 12(b)(5). We affirm as to the clerks, reverse as to the attorneys, and remand for further proceedings.

The property owners held title to certain real property in various counties within the state of Colorado. Alleging that the property owners had defaulted on consumer debts secured by public trustee's deeds, the attorneys brought actions against them pursuant to C.R.C.P. 120. The actions were filed in counties other than where the property was located, as permitted by C.R.C.P. 120(f).

The property owners then filed this suit against the attorneys and clerks. They sought damages and declaratory relief against the attorneys, alleging that the attorneys had engaged in forum abuse in violation of the FDCPA. They sought an injunction against the district court clerks under 42 U.S.C. § 1983 alleging that the clerks violated the Due Process Clause of the United States Constitution by continuously accepting distant forum filings and setting hearings in distant forums with respect to C.R.C.P. 120 proceedings.

The attorneys and the clerks filed motions to dismiss the action pursuant to C.R.C.P. 12(b)(5) for failure to state a claim upon which relief can be granted. The district court granted the motions.

At the outset, we note that "[i]n reviewing the action of a trial court in dismissing a complaint for failure to state a claim, an appellate court is in the same position as the trial judge" and "[t]he court must consider only matters stated within the four corners of the pleading." *Espinoza v. O'Dell*, 633 P.2d 455 (Colo.1981). "[A]ll averments of material fact in a complaint must be accepted as true." *Board of County Commissioners v. Thornton*, 629 P.2d 605 (Colo.1981).

"Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted under our 'notice pleadings'." *Davidson v. Dill*, 180 Colo. 123, 503 P.2d 157 (1972). In fact, as the *Davidson* court stated:

"[A] complaint should not be dismissed for failure to state a claim unless it ap-

pears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

## I.

■ The trial court held that a C.R.C.P. 120 proceeding is not a legal action to which the venue provision of the FDCPA applies. We agree with the property owners that this was error.

The venue provision of the FDCPA provides:

"Any *debt collector* who brings any *legal action* on a *debt* against any *consumer* shall—(1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which the real property is located . . . ." (emphasis added)

15 U.S.C. § 1692i(a).

A consumer is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). A debt is defined as:

"any obligation of a consumer to pay money arising out of a transaction in which the money . . . which [is] the subject of the transaction [is] primarily for personal, family, or household purposes whether or not such obligation has been reduced to judgment."

15 U.S.C. § 1692a(5).

There can be no question but that the property owners are "consumers" under the FDCPA. Further, all of the properties involved are the debtors' personal residences. Since the debts were incurred for personal, family, or household purposes, they are "debts" covered by the FDCPA. This leaves remaining the questions whether the C.R.C.P. 120 action is a "legal action" and whether the attorneys are "debt collectors".

In Colorado, foreclosures of real property based on public trustee's deeds are governed by §§ 38–37–101, et seq., and 38–39–101, et seq., C.R.S. (1982 Repl.Vol. 16A). Section 38–37–140, C.R.S. (1982 Repl.Vol. 16A) requires that an order authorizing

sale must be obtained before the property may be sold. This order is obtained through the Rule 120 proceeding. It is initiated by filing a verified motion. Then a hearing is set, C.R.C.P. 120(a), and notice is sent to the debtor telling him of the hearing date and his rights. C.R.C.P. 120(b). If the debtor fails to file a response at least 5 days before the hearing, C.R.C.P. 120(c), the court may issue an order authorizing sale without a prior hearing. C.R.C.P. 120(e).

We disagree with the trial court's finding that the C.R.C.P. 120 procedure is "a 'nonjudicial proceeding' limited in scope to a summary determination of the issue of default." A judicial proceeding is "[a]ny proceeding wherein judicial action is invoked and taken." *Black's Law Dictionary* 986 (rev. 4th ed.1968).

In *Moreland v. Marwich, Ltd.,* 665 P.2d 613 (Colo.1983), the court stated that the purpose of a C.R.C.P. 120 hearing is to provide the debtor with:

"due process protections *against summary foreclosure actions* consistent with those protections against deprivations of property without a prior judicial hearing that have received recognition in a line of modern decisions of the United States Supreme Court." (emphasis added)

Then, in *Goodwin v. District Court,* 779 P.2d 837 (Colo.1989), the court stated:

"The message of *Moreland* is clear. The due process protections contemplated by Rule 120 will be satisfied only when a court conducting a Rule 120 proceeding considers all relevant evidence in determining whether there is a reasonable probability of a default. . . ."

In a C.R.C.P. 120 proceeding judicial action is invoked by filing a verified motion. Then judicial action is taken when the court makes its determination with respect to the issue of default. The entire proceeding must accord the debtor due process of law. This requires that the debtor be provided with both notice and an opportunity for a full evidentiary hearing. Therefore we hold that a C.R.C.P. 120 proceeding is a judicial proceeding.

The question thus becomes whether such a proceeding is a "legal action" for purposes of the FDCPA. Because the term "legal action" is not defined in the FDCPA, we must turn to the rules of statutory construction. We begin by noting that the language of a federal statute is controlling when it is clear. *Blue Cross Ass'n v. Harris,* 664 F.2d 806 (10th Cir.1981). However, the term "legal action" may be susceptible to more than one interpretation and, thus, "must be construed in light of the apparent legislative intent and purpose." *Engelbrecht v. Hartford Accident & Indemnity Co.,* 680 P.2d 231 (Colo.1984).

The purpose of the FDCPA is "to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). In *Baker v. G.C. Services Corp.,* 677 F.2d 775 (9th Cir.1982), the court held that the FDCPA was "designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists."

With respect to the venue provision of the FDCPA, the legislative history provides:

"This legislation also addresses the problem of 'forum abuse,' an unfair practice in which debt collectors file suit against consumers in courts which are so distant or inconvenient that the consumers are unable to appear. As a result, the debt collector obtains a default judgment and a consumer is denied his day in court."

S.Rep. No. 95–382, 95th Cong., 1st Sess., at 5, *reprinted in* 1977 U.S.Code Cong. & Admin.News 1695, 1699. The venue provision was an "attempt to minimize the perceived imbalance of power between debtors and creditors by requiring venue for consumer debt actions in a locale convenient to the debtor." Sweig, *Guidelines for Consumer Debt Collection by Attorneys Under the 1986 Amendment to the Fair Debt Collection Practices Act,* 21 New England L.Rev. 697 at 705 (1986).

Prior to 1989, C.R.C.P. 120 provided that the proceeding could be initiated in a county other than where the property is located. C.R.C.P. 120(f). If the debtor failed to appear or file a response the court could

"without notice dispense with the hearing and forthwith enter an order authorizing sale." C.R.C.P. 120(e). As a result, when the action was filed in a distant forum the debtor was forced to appear in that forum or risk losing his property without a prior hearing.

C.R.C.P. 120 was amended, effective January 1, 1989, to provide the debtor with the right to request a change of venue, C.R.C.P. 120(f), up to 5 days before the date of the hearing. C.R.C.P. 120(c). The present rule also requires that notice of this right be provided to the debtor at least 15 days before the hearing. C.R.C.P. 120(b). As a result, the debtor may have only 10 days within which to hire an attorney to prepare a request for change of venue, or to do so on his own, and file it with the appropriate court. Thus, the result under the amended rule is the same; when an action is filed in a distant forum the debtor is forced to appear in that forum or lose his right to change the venue or, even worse, risk losing his property without a prior hearing.

C.R.C.P. 120, both before and after the 1989 amendment, allows a creditor to subject a debtor to much inconvenience and expense in defending a foreclosure proceeding. This directly contradicts the purpose and policy behind the FDCPA. Accordingly, we hold that a C.R.C.P. 120 proceeding is a "legal action" to which the venue provision of the FDCPA applies and that C.R.C.P. 120(f), which permits the action to be filed in any county, is preempted by 15 U.S.C. § 1692n (1982).

■ We also agree with the property owners' contention that the trial court erred in finding that the attorneys were not "debt collectors" under the FDCPA and, therefore, were not subject to its provisions.

The venue provision of the FDCPA, 15 U.S.C. § 1692i(a)(1), specifically is applicable only to "debt collectors." The FDCPA defines a debt collector as:

"any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another."

15 U.S.C. § 1692a(6) (1990).

Although the FDCPA, at one time, exempted attorneys from its provisions, the exemption was repealed by Pub.L. 99–361, July 9, 1986, 100 Stat. 768. The attorneys argue that the repeal does not automatically mean the FDCPA applies to all attorneys. Rather, they contend, an attorney can only be considered to be a "debt collector" if he engages in "traditional debt collection activities," such as sending dunning letters, seeking to enforce security interests, and making collection calls to debtors. Hence, they assert that this determination must be made on a case by case basis.

We find little support for this argument. The legislative history reveals that the main purpose for repealing the attorney exemption was that:

"[s]ince passage of the Act, attorneys have increasingly entered the debt collection business and used the exemption to evade compliance with the Act. There are now about 5,000 attorneys engaged in the business of debt collection, compared to approximately 4,500 lay debt collection firms."

H.R.Rep. No. 99–405, 99th Cong., 2nd Sess., *reprinted in* 1986 U.S.Code Cong. & Admin.News 1752.

Further, in *Crossley v. Lieberman*, 868 F.2d 566 (3rd Cir.1989), the court held that the attorney was a "debt collector." In reaching its holding the court found that foreclosures are included within the ambit of "collection activities" under the FDCPA. *See also Littles v. Lieberman*, 90 B.R. 700 (E.D.Pa.1988).

Therefore, we hold that if, as alleged here, attorneys regularly engage in debt collection activities, including foreclosures, they are "debt collectors" under the FDCPA and are subject to its provisions.

## II.

Finally, we disagree with the property owners' contention that the trial court erred in dismissing their claim under 42 U.S.C. § 1983 against the district court clerks.

To state a claim for relief under 42 U.S.C. § 1983, a claimant must allege "(1) that some person deprived complainant of a right, privilege or immunity secured by the federal constitution; and (2) that such person acted under color of state law." *International Society for Krishna Consciousness, Inc. v. Colorado State Fair*, 673 P.2d 368 (Colo.1983).

The property owners here alleged that, while acting under color of state law, the clerks violated their due process rights under the Fourteenth Amendment by accepting distant forum filings and setting hearings in distant forums with respect to C.R. C.P. 120 proceedings.

"The Fourteenth Amendment prohibits the state from depriving any person of life, liberty, or property, without due process of law; but it adds nothing to the rights of one citizen as against another." *United States v. Cruikshank*, 92 U.S. 542, 23 L.Ed. 588 (1875). Therefore, the question is whether "there is a sufficiently close nexus between the state and the challenged action ... so that the action ... may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974).

■ In making this determination, the court must consider whether the right in question had its "source in state authority" or whether the persons involved could be characterized as "state actors." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color' of state law." *United States v. Classic*, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941).

In *Mildfelt v. Circuit Court of Jackson County, Missouri*, 827 F.2d 343 (8th Cir. 1987), the court addressed this issue and held that "there is no significant involvement in the conduct of a trustee's sale and thus no state action." The court based its holding on its finding that:

> "extrajudicial foreclosure is not a statutory right.... It is the contracting parties who create and include the power of sale provision in the deed of trust.... The state is not directly involved in an extrajudicial foreclosure; [state] law merely 'recognizes the validity of [contractual power of sale] provisions ... [and] foreclosures accomplished pursuant to [such provisions] and establish[es] minimum standards which must be met if there is to be foreclosure pursuant to a contractual power of sale.' "

(quoting *Federal National Mortgage Ass'n v. Howlett*, 521 S.W.2d 428 (Mo.1975)). *See also Charmicor v. Deaner*, 572 F.2d 694 (9th Cir.1978); *Northrip v. FNMA*, 527 F.2d 23 (6th Cir.1975); *Barrera v. Security Building & Investment Corp.*, 519 F.2d 1166 (5th Cir.1975); *Bryant v. Jefferson Federal Savings & Loan Ass'n*, 509 F.2d 511 (D.C.Cir.1974).

■ We choose to follow the majority rule and hold, as a matter of law, that the actions of a district court clerk in accepting C.R.C.P. 120 filings and setting hearings under that rule do not constitute action "under color of state law" as required for an action to be brought under 42 U.S.C. § 1983. This is not altered by our holding that a Rule 120 action is a legal action for purposes of the FDCPA. The mere fact that a C.R.C.P. 120 proceeding is a legal action and the district court clerks are engaged, to a very limited degree, in that action, is insufficient to constitute state action.

Because of this ruling we do not reach the property owners' claim that the clerks' actions violated their due process rights under the United States Constitution.

The part of the judgment dismissing the property owners' action against the district court clerks is affirmed. The part of the judgment dismissing the property owners' claim against the attorneys is reversed, and the cause is remanded for further proceedings on that claim.

PIERCE and DAVIDSON, JJ., concur.