SHAPIRO AND MEINHOLD, Gerald M. Shapiro, Don H. Meinhold, P.C., Haligman and Lottner, P.C., Kevin H. Burke & Associates, P.C., Janet M. Adams, in her official capacity as Clerk of the Denver District Court and on behalf of the class of persons herein described, E. Marie Gardner, in her official capacity as Clerk of the El Paso District Court and on behalf of the class of persons herein described, Patricia Patterman, in her official capacity as Clerk of the Boulder District Court and on behalf of the class of persons herein described, Petitioners,

v.

James ZARTMAN, Mary DeLancy, Robert Morphew, Individually and on behalf of the class of persons herein described, Respondents.

No. 90SC758.

Supreme Court of Colorado,
En Banc.

Jan. 13, 1992.

Phillip A. Vaglica, Shapiro and Meinhold, Don H. Meinhold, Elizabeth A. Bassler, Retherford, Mullen, Rector & Johnson, Jerry A. Retherford, Colorado Springs, for petitioners Shapiro and Meinhold, Gerald M. Shapiro and Don H. Meinhold, P.C.

Haligman and Lottner, P.C., Richard I. Brown, Scott L. Levin, Solomon L. Leftin, Englewood, Faegre & Benson, John D. Shively, Anne West Klienkopf, Judith D. Sprunger, Denver, for petitioner Haligman and Lottner, P.C.

Hall & Evans, Edward H. Widmann, Alan Epstein, John E. Bolmer, II, Denver, for petitioner Kevin H. Burke & Associates, P.C.

Law Office of Kathleen Mullen, P.C., Kathleen Mullen, Benjamin Sachs, Denver, Stone, Sheehy, Rosen & Byrne, P.C., Andrew Rosen, Boulder, for respondents.

Justice ERICKSON delivered the Opinion of the Court.

We granted certiorari to review *Zartman v. Shapiro & Meinhold,* 811 P.2d 409 (Colo.App.1990), and now affirm. We limited our review to a determination of whether the petitioners, attorneys who sought to enforce a power of sale contained in a deed of trust securing a note pursuant to C.R.C.P. 120, are "debt collectors" for purposes of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692–1692*o* (1988) (FDCPA).

The named respondents, James Zartman, Mary DeLancy, and Robert Morphew (debtors), allegedly defaulted on consumer loans secured by real property in Colorado. The petitioners, Shapiro and Meinhold, Gerald M. Shapiro, Don H. Meinhold, P.C., Haligman and Lottner, P.C., and Kevin H. Burke & Associates, P.C. (attorneys), represented creditors who held the security interests. Pursuant to C.R.C.P. 120, the attorneys, on behalf of the secured creditors, sought court orders authorizing the sale of real property securing the loans. The foreclosure proceedings, as permitted by C.R.C.P. 120(f),[1] were brought in counties

---

1. C.R.C.P. 120 allows an interested party to seek a court order "authorizing a sale under a power of sale contained in an instrument." Subsection (f) provides:

    **Venue.** For the purposes of this section, a consumer obligation is any obligation (i) as to which the obligor is a natural person, and (ii) is incurred primarily for a personal, family, or household purpose. Any proceeding under this Rule involving a consumer obligation or an instrument securing a consumer obligation shall be brought in and heard in the county in which such consumer signed the obligation or in which such consumer resides at the commencement of the proceeding, *unless the obligation is secured by a deed of trust to a public trustee, in which case the proceedings under this Rule may be brought and heard in any county.* Any proceeding under this Rule which does not involve a consumer obligation or an instrument securing a consumer obligation may be brought and heard in any county. However, in any proceeding under this Rule, if a response is filed, and if in the response or in any other writing filed with the court, the responding party requests a change of venue to the county in which the encumbered property or a substantial part thereof is situated, the court shall order transfer of the proceeding to such county. (Emphasis added.)

other than those in which the real property was located.

The debtors, individually and on behalf of a class of similarly situated debtors, brought this action against the attorneys for damages and declaratory relief. They claim the attorneys violated section 1692i of the FDCPA by filing the C.R.C.P. 120 actions in counties other than those in which the property was located.[2] Section 1692i provides in relevant part:

**Legal actions by debt collectors**

(a) Any debt collector who brings any legal action on a debt against any consumer shall—

(1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action *only in a judicial district or similar legal entity in which such real property is located;* ....

....

(b) Nothing in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors.

(Emphasis added.)

The trial court granted the attorneys' motion to dismiss for failure to state a claim upon which relief can be granted and entered a ruling and order that provided in pertinent part:

[Debtors] bring suit alleging that the filing of C.R.C.P. 120 actions in counties other than where the real property is located violates the venue provision of the Federal Fair Debt Collection Practices Act. The act requires that all legal actions brought by debt collectors to enforce an interest in real property be brought in the county where the real property is located. [Attorneys] argue that Rule 120 proceedings do not constitute "legal actions" under the Federal Fair Debt Collection Practices Act. The Court agrees. A Rule 120 proceeding is a non-judicial proceeding limited in scope to a summary determination of the issue of default. As such, it is not a legal

action to which the venue provision of the act is applicable.

[Debtors] further allege that the law firm defendants are debt collectors under the act and subject to its provisions by virtue of the fact that they file Rule 120 actions. [Attorneys] argue that their actions in filing Rule 120 actions do not bring them under the purview of the act. The Court agrees. The purpose of the act is to regulate traditional debt collection activities. [Attorneys'] actions do not fall within this category of activities.

The court of appeals reversed the trial court's dismissal and determination that the attorneys were not debt collectors under the FDCPA and remanded the case to the trial court for further proceedings.

**I**

The debtors contend they alleged sufficient facts to support a claim that the attorneys are debt collectors under 15 U.S.C. § 1692a(6) (1988), for the purposes of the filing requirement contained in section 1692i. We agree.

In their amended complaint the debtors alleged that the attorneys are "'debt collectors' because they use the mails in their business, the principal purpose of which is the collection of debts, and regularly collect or attempt to collect consumer debts." As to each defendant, debtors also asserted, "A substantial part of their practice involves collections, including foreclosures of real estate."

"A short and plain statement of the claim showing that the pleader is entitled to relief" is all that C.R.C.P. 8(a)(2) requires. *See Hinsey v. Jones,* 159 Colo. 326, 329, 411 P.2d 242, 244 (1966). In determining a motion to dismiss a complaint, a court must accept all averments of material fact contained in the complaint as true. C.R.C.P. 12(b)(5); *Board of County Comm'rs v. City of Thornton,* 629 P.2d 605, 609 (Colo.1981). A complaint is sufficient to withstand a motion to dismiss if the plaintiff states a claim that would en-

**2.** The action was pursuant to 15 U.S.C. § 1692k, which provides for civil liability for failure to comply with any provision of the FDCPA.

title him to relief. *Dillinger v. North Sterling Irrigation Dist.*, 135 Colo. 100, 101, 308 P.2d 608, 609 (1957). The same standards for determining a motion to dismiss apply to both the trial court and the appellate court. *See Espinoza v. O'Dell*, 633 P.2d 455, 467 (Colo.1981); *McDonald v. Lakewood Country Club*, 170 Colo. 355, 461 P.2d 437 (1969).

To state a claim for relief under section 1692i, the debtors must allege sufficient facts in their complaint to show that a "debt collector" brought a "legal action"[3] against them "to enforce an interest in real property securing a consumer's[4] obligation" in a county other than that in which the real property is located. The issue is whether the debtors' averments support their claim that the attorneys are debt collectors. Section 1692a(6) defines the term debt collector as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.... For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.[5]

The debtors' averments, which must be accepted as true in considering the merits of the motion to dismiss, substantially track the statutory definition of a debt collector

and are sufficient to state a claim for relief.

## II

The attorneys assert that, except for 15 U.S.C. § 1692f(6) (1988), they are exempted from the provisions of the FDCPA because the principal purpose of their businesses is the enforcement of security interests, or foreclosures. The attorneys admit that those engaged in traditional debt collection activities are subject to all the provisions of the FDCPA. They contend, however, that those in a "business the principal purpose of which is the enforcement of security interests" are subject only to section 1692f(6),[6] and not to the filing requirements of section 1692i.

■ We recently stated in *Griffin v. S.W. Devanney & Co.*, 775 P.2d 555, 559 (Colo.1989), and again in *Darby v. All J Land & Rental Co.*, 821 P.2d 297, 298 (Colo.1991):

> [A] court's primary task in construing a statute is to give effect to the legislative purpose underlying the enactment. *E.g., Colorado Common Cause v. Meyer*, 758 P.2d 153, 160 (Colo.1988); *People v. Guenther*, 740 P.2d 971, 975 (Colo.1987); *Engelbrecht v. Hartford Accident and Indemnity Co.*, 680 P.2d 231, 233 (Colo. 1984). To determine legislative purpose we first look to the statutory language itself, giving words and phrases their commonly accepted and understood meaning. *Colorado Common Cause*, 758 P.2d at 160; *Guenther*, 740 P.2d at 975; *People v. District Court*, 713 P.2d

---

**3.** Certiorari has not been granted to review the court of appeals decision that a C.R.C.P. 120 proceeding is a legal action for the purposes of the FDCPA.

**4.** Section 1692i specifies that the action must be brought against a consumer. Section 1692a(3) defines a consumer as "any natural person obligated or allegedly obligated to pay any debt." Under this definition, some debtors, such as corporations or other entities, may not be consumers. The debtors in this case, however, were consumers.

**5.** The statute lists specific categories of persons not included within the term "debt collector." *See* 15 U.S.C. § 1692a(6)(A)–(F).

**6.** Section 1692f(6) prohibits debt collectors from

> [t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
> (B) there is no present intention to take possession of the property; or
> (C) the property is exempt by law from such dispossession or disablement.

No violations of section 1692f(6) are alleged here.

918, 921 (Colo.1986). Where the statutory language is clear and unambiguous there is no need to resort to interpretative rules of statutory construction; the statute, in that instance, should be applied as written, since it may be presumed that the General Assembly meant what it clearly said. *E.g., State Board of Equalization v. American Airlines, Inc.,* 773 P.2d 1033, 1040 (Colo.1989).

A plain reading of section 1692a(6) indicates that any person who qualifies under the first sentence in the definition is a debt collector for purposes of the FDCPA. In addition, section 1692a(6) states, "For the purpose of section 1692f(6) of this title, [the term debt collector] *also includes* any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." (Emphasis added.) The latter provision does not limit the definition of debt collectors, but rather enlarges the category of debt collectors for the purpose of section 1692f(6). *Lyman v. Town of Bow Mar,* 188 Colo. 216, 222, 533 P.2d 1129, 1133 (1975) ("the word 'include' is ordinarily used as a word of extension or enlargement"). If Congress had intended to exempt from the FDCPA one whose principal business is the enforcement of security interests, it would have provided an exception in plain language.

The FDCPA should be construed liberally because its purposes are remedial. *See Colorado & S. Ry. v. State R.R. Comm.,* 54 Colo. 64, 77, 129 P. 506, 512 (1912). Section 1692(e) states:

It is the purpose of [the FDCPA] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

If the definition of debt collectors is construed liberally, with the remedial purpose of the statute in mind, the attorneys are not exempt merely because their collection activities are primarily limited to foreclosures. The section 1692a(6) definition of the term debt collector includes one who "directly or indirectly" engages in debt collection activities on behalf of others. Since a foreclosure is a method of collecting a debt by acquiring and selling secured property to satisfy a debt, those who engage in such foreclosures are included within the definition of debt collectors if they otherwise fit the statutory definition.

Our interpretation of section 1692a(6) is consistent with *Crossley v. Lieberman,* 868 F.2d 566 (3d Cir.1989). In *Crossley* the court held that an attorney who regularly engaged in debt collection activities was a debt collector under section 1692a(6), even though twenty-two of the thirty-two cases the attorney filed in the Court of Common Pleas were mortgage foreclosures. *Id.* at 569–70. Our interpretation does not conflict with those cases that have found that the attorneys involved were not debt collectors. *Compare Mertes v. Devitt,* 734 F.Supp. 872, 873–74 (W.D.Wis.1990) (attorney not a debt collector because he did not *regularly* conduct *collection activities* ) *with National Union Fire Insurance Co. v. Hartel,* 741 F.Supp. 1139 (S.D.N.Y.1990) (stating in dicta that an attorney who engaged only in legal activities was not a "debt collector," but basing determination that section 1692i was not applicable on fact that debt was not a consumer debt). The attorneys are not exempted from the definition of debt collectors merely because a substantial portion of their debt collection activities was foreclosures.

■ The history of the FDCPA supports the interpretation that attorneys who otherwise meet the section 1692a(6) definition are debt collectors. Originally, an attorney "collecting a debt as an attorney on behalf of and in the name of a client" was exempted from the FDCPA. 15 U.S.C. § 1692a(6)(F) (1977) (amended 1986). In 1986, Congress repealed the attorney exemption. *See* 15 U.S.C. § 1692a(6) (1988). Nevertheless, the attorneys contend that a lawyer whose debt collection is limited to legal activities is not a debt collector and is not subject to the FDCPA. The attorneys

misconstrue the amendment. Rather than restricting the attorney exception to those attorneys whose debt collection practices are limited to legal activities, Congress deleted the exception altogether. Therefore, we conclude that debt collectors include attorneys whose practices are limited to purely legal activities so long as they otherwise meet the definition contained in section 1692a(6).

By eliminating the attorney exemption, Congress sought to eliminate abusive legal and non-legal debt collection activities and to eliminate any competitive advantage previously given collection lawyers. *See* H.R.Rep. No. 405, 99th Cong., 2d Sess. 4–6 (1986), *reprinted in* 1986 U.S.C.C.A.N. 1752, 1754–56. The attorneys suggest that Congress intended to restrict only non-legal activities because legal activities are not abusive. However, the filing of a C.R.C.P. 120 action in a county other than where the property is located, as alleged in this case, results in added cost and expense to a debtor who is required to file his response in a county where he has no ties. Allowing attorneys to endeavor to enforce a power of sale in a county where the real estate is not situated gives attorneys a competitive advantage over other debt collectors who must file in the county where the property is located. *See* 15 U.S.C. § 1692i (requiring legal actions by debt collectors to be brought in the county where the property is located). Congress recognized and addressed these issues by eliminating any distinction between attorney and lay debt collectors. *See* H.R.Rep. No. 405, 99th Cong., 2d Sess. 3 (1986), *reprinted in* 1986 U.S.C.C.A.N. 1752, 1754.

### III

The trial court misinterpreted the definition of debt collectors in 15 U.S.C. § 1692a(6) (1988). If the attorneys fit the definition in the first sentence of section 1692a(6), they are debt collectors for the purposes of the FDCPA. We conclude that the debtors alleged sufficient facts to state a claim that the attorneys are debt collectors, and that the trial court erred in dismissing the debtors' claim.

The answer to the question presented on certiorari of whether the attorneys here are debt collectors requires a factual determination that has not been decided below or briefed in this court.

Accordingly, we affirm the court of appeals decision reversing the district court order and remanding to the district court for further proceedings that shall be consistent with the directions contained in this opinion.