W. Dean HIRSCH, Jamie L. Hirsch, and Michael D. Hirsch, Plaintiffs,

v.

Tracy J. COPENHAVER; Linda Cheney, Clerk of Justice Court, in her capacity as Clerk and individually; Robert Coorough, Undersheriff and individually; Bill Brewer, Sheriff and individually; James Allison, Justice of the Peace, in his capacity as Justice of the Peace and individually; Bob G. McNeill; and Dorothy O. McNeill, individually, Defendants.

No. 93–CV–1013J.

United States District Court, D. Wyoming.

July 29, 1993.

W. Dean Hirsch, pro se.

Jamie L. Hirsch, pro se.

Tracy J. Copenhaver, pro se.

Stuart R. Day, Williams, Porter, Day & Neville, Casper, WY, John O. Housel, Park County Atty., Cody, WY, for Linda Cheney.

Dennis M. Coll, Wyoming Atty. Gen., Cheyenne, WY, for Robert Coorough, Bill Brewer and James Allison.

Tracy J. Copenhaver, Copenhaver, Kath & Kitchen, Powell, WY, for Bob G. McNeill and Dorothy O. McNeill.

## ORDER ON MOTIONS TO DISMISS

ALAN B. JOHNSON, Chief Judge.

This matter came before the Court for hearing on motions to dismiss on June 8, 1993 in Casper, Wyoming. The Court, having reviewed the motions and materials filed both in support of and in opposition to the motions, having considered the arguments of counsel and the *pro se* plaintiffs, having reviewed the file, and being fully advised in the premises, FINDS and ORDERS as follows:

### Background

Plaintiffs in this case are W. Dean Hirsch, his wife Jamie L. Hirsch, and his son, Michael D. Hirsch. Plaintiffs' amended complaint asserts claims against Sheriff Brewer and Deputy Sheriff Coorough of Park County, Wyoming; Linda Cheney, the Clerk of the Justice Court; Tracy Copenhaver, retained counsel for defendants Bob and Dorothy McNeill, purchasers of real property in Park County described as Lots 3 & 4 in Block 1 of Wood Third Addition to the City of Powell, Park County, Wyoming at a sale conducted in 1992 by the Internal Revenue Service ("IRS"); and James Allison, Park County Justice of the Peace.

The dispute arises out of a sale conducted in 1992 by the IRS of the plaintiffs' home to satisfy a judgment obtained in 1986 for back taxes. Plaintiffs argue the IRS sale of their property was not conducted properly; that the sale was not a proper judicial foreclosure; and that it constituted an unauthorized administrative seizure and sale by the IRS. Consequently, plaintiffs argue that the defendants in this action were without jurisdiction to evict plaintiffs from their home or take any other steps to obtain possession and control of the real property. It also appears that plaintiffs are attempting to challenge the extent of the interest purchased by the McNeills when they purchased by sealed bid from the IRS in August of 1992. Plaintiff Jamie L. Hirsch is asserting that her interest in the property, as a nominee of the Hidden Oak Trust, was not sold by the IRS and that she continues to have an interest in the property. Plaintiffs' son, Michael, asserts a claim arising out of the seizure of a bag containing approximately $42,000 cash, when the plaintiffs were evicted from the premises. Complicating these facts, plaintiff W. Dean Hirsch filed a Chapter 7 Bankruptcy petition on March 11, 1992. Randy Royal was appointed Trustee. The petition lists the IRS and the McNeills as creditors who have claims against the bankruptcy estate.

The Complaint, asserting a cause of action under 42 U.S.C. § 1983, alleges a conspiracy among the defendants acting under state law to deprive the plaintiffs of their property and to retaliate against them for challenging the "writ of restitution" issued by the state courts. Plaintiffs claim their constitutional rights, including unreasonable search and seizure, deprivation of property without due process, and denial of equal protection, have been violated. Plaintiffs seek compensatory and punitive damages, as well as declarations that the Justice of the Peace was without jurisdiction to hear and determine the "title dispute" between plaintiffs and the McNeills and without jurisdiction to hear the forcible entry and detainer matter premised upon an IRS deed. Plaintiffs claim that they were denied equal protection when defendants Allison and Copenhaver required Hirsches to post a $117,000 appeal bond. They seek an injunction prohibiting the defendants from exercising dominion and control over the property based on an unlawful writ of restitution, which they seek to have declared null and void; and ask for costs and attorney's fees pursuant to 42 U.S.C. § 1988.

Defendants Allison, Brewer and Coorough filed a "Suggestion in Bankruptcy, referencing the bankruptcy filing of plaintiff W. Dean Hirsch on March 11, 1993 and the appointment of Randy Royal as Chapter 7 Trustee." Defendant Copenhaver filed Motions to Substitute Real Party in Interest and to Dismiss, seeking to have the Chapter 7 Trustee substituted as real party in interest. Copenhaver argues that any claims asserted by plaintiffs in this civil proceeding belong to the Trustee as property of the bankruptcy estate. He asserts that the plaintiffs' action is an "unreasonable and baseless pleading" against him and filed solely out of their "vengeance and vendetta" against the IRS for having sold their home to McNeills. Copenhaver was retained by McNeills to evict plaintiffs from the house McNeills had purchased at the IRS sale when the McNeills were unable to obtain possession of the premises from plaintiffs. Copenhaver also asserts there is no subject matter jurisdiction in this case, as there is no federal question and there have been three previous judicial determinations finding that the McNeills were entitled to possession of the property and entitled to proceed with eviction proceedings, making this matter res judicata. Copenhaver also asserts that the plaintiffs have failed to join an indispensable party, the IRS.

Defendant Linda Cheney, the Park County Clerk of the Justice Court, echoes these arguments in her Motion to Dismiss Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim and failure to join an indispensable party. This defendant also joined in the motion to dismiss filed by defendant Copenhaver and also filed a "Suggestion in Bankruptcy," referencing the bankruptcy filing of plaintiff W. Dean Hirsch. At the hearing, counsel suggested that this matter should be stayed pending a determination by the Chapter 7 Trustee as to whether this cause of action would be pursued as property of the estate for the benefit of general creditors.

## Standard of Review Pursuant to Fed.R.Civ.P. 12(b)(6)

The Tenth Circuit, in *Pitts v. Turner and Boisseau Chartered,* 850 F.2d 650, 652 (10th Cir.1988), *cert. denied* in 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989) (quoting *Shaw v. Valdez,* 819 F.2d 965, 968 (10th Cir.1987), stated what the standard of review is for dismissals pursuant to Fed.R.Civ.P. 12(b)(6):

> In reviewing a dismissal for failure to state a claim, we must accept as true the plaintiff's well-pleaded factual allegations and all reasonable inferences must be indulged in favor of the plaintiff. Dismissal is appropriate only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' (Citations omitted.)

In considering a motion to dismiss, a court must take the allegations of the complaint at face value and must construe them most favorably to the plaintiff. A court should not grant a motion to dismiss unless it appears beyond doubt that the plaintiff could prove no set of facts supporting the claim which would entitle plaintiff to relief. *Huxall v. First State Bank,* 842 F.2d 249, 250–51 (10th Cir.1988).

### Discussion

As the Court perceives it, the plaintiffs' fundamental position is that the Justice of the Peace exceeded his jurisdiction when he ordered restitution of the property to the McNeills in the case. The basis of this contention is that there was no notice of an administrative foreclosure as required by the Internal Revenue Code, although the IRS documents do show substantial compliance with the law regarding notice of the foreclosure of the premises. Plaintiffs argue that the Justice of the Peace had before him a title dispute, and that he was therefore without jurisdiction to resolve this question in the justice of the peace court as was done.

The difficulty with much of plaintiffs' arguments is that a number of courts have already considered the arguments they advance again in this case relating to the validity of the foreclosure sale and plaintiffs' entitlement to possession of the premises. The United States received its judgment in federal district court, in Docket No. C84–0408K, on October 29, 1986. That judgment authorized foreclosure of tax liens by the government. The property was sold August 11, 1992, to the McNeills. After Hirsches refused to vacate the premises, a notice to quit the premises was served on them on February 9, 1993. Shortly after, plaintiffs filed a quiet title action with the state district court in Park County, Civil Action No. 18256. The quiet title action was dismissed by order dated March 9, 1993, in which the state district court determined that plaintiffs' claim was not a legitimate quiet title action and that the McNeills had standing to initiate a forcible entry and detainer action in Park County. On March 11, 1993, W. Dean Hirsch also filed for bankruptcy relief, Case No. 93–1006, in the District of Wyoming. The Bankruptcy Court's order modifying stay, permitting the McNeills to take possession of the premises was appealed to the United States District Court for the District of Wyoming. The pending appeal of the order modifying stay is currently docketed in the United States District Court as 93–CV–0155B. A separate adversary proceeding has also been appealed to the United States District Court, and that pending appeal has been docketed as 93–CV–0188B. An additional item to be noted is that, at the hearing held by this Court in June of 1993 on pending motions, plaintiffs acknowledged that this federal district court is without jurisdiction to restore title to them.

█ "A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction ... cannot be disputed in a subsequent suit between the same parties or their privies.' " *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979), quoting *Southern Pacific R. Co. v. United States*, 168 U.S. 1, 48–49, 18 S.Ct. 18, 27–28, 42 L.Ed. 355 (1897). Parties are precluded from contesting matters that they have had a full and fair opportunity to litigate by these doctrines. *Id.*, 440 U.S. at 153, 99 S.Ct. at 973. Furthermore, federal courts generally accord preclusive effect to issues decided by state courts. *Allen v. McCurry*, 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). In the instant case, state courts, as well as the bankruptcy court, have determined that the McNeills have the right to possess the property purchased at the sale held by the IRS pursuant to the order of the United States District Court entered in October 1986. Although plaintiffs have attempted to reformulate their allegations to assert Section 1983 claims against the defendants, the issues in this litigation remain substantially the same and the facts giving rise to their claims remain the same. Notwithstanding, the Court will consider the claims asserted in the amended complaint for purposes of ruling on the motions to dismiss.

█ In their complaint, plaintiffs set out sweeping allegations asserting acts by all defendants which are claimed to be conspiratorial in nature. For purposes of a motion to dismiss, the complaint must be construed in the light most favorable to plaintiff and its allegations taken as true. 7 Wright, Miller and Cooper, Federal Practice and Procedure: Civil 2d, § 1357, p. 304. "Mere characterization of defendants' conduct as conspiratorial or unlawful does not set out allegations upon

which relief can be granted." *Thompson v. Aland,* 639 F.Supp. 724, 729 (N.D.Tex.1986). In cases invoking 42 U.S.C. § 1983, the plaintiff must state specific factual allegations and not merely conclusory allegations. *Id.* To state a claim for relief under section 1983, a plaintiff

"must show that he has been deprived of any rights, privileges, or immunities secured by the Constitution and laws and that the defendant acted under color of state law. In *Brown v. Chaffee,* 612 F.2d 497, 501 (10th Cir.[1979]) (quoting *Monroe v. Pape,* 365 U.S. 167, 184, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 [1961]), we held that:

"Acting under color of state law as required by section 1983 is defined as the '[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"

*Pitts v. Turner and Boisseau, Chartered,* 850 F.2d 650, 653 (10th Cir.1988). Plaintiffs' complaint does not contain factual allegations of conduct by any of the defendants which support a legitimate claim under 42 U.S.C. § 1983. Their allegations are conclusory and are not sufficient under § 1983.

As to defendant Copenhaver, the plaintiffs' complaint fails to state a valid cause of action against him under Section 1983. There is ample authority holding that an attorney does not become a state actor by virtue of instigating state court litigation. *Barnard v. Young,* 720 F.2d 1188, 1189 (10th Cir.1983) (citing *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 939 n. 21, 102 S.Ct. 2744, 2755 n. 21, 73 L.Ed.2d 482 (1982)). Plaintiff's complaint fails to allege any activities on the part of this attorney defendant suggesting he was acting in any capacity other than an attorney licensed to practice law in the state of Wyoming on behalf of a private client. As the Tenth Circuit has acknowledged, "[t]he vast weight of authority [is] that private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983." *Barnard v. Young,* 720 F.2d 1188, 1189 (10th Cir.1983).

The Court has read the transcript of the proceedings that were held in the Justice of the Peace Court. After this review, the Court concludes that there is no evidence that the attorney for McNeills acted in any manner other than as counsel for his clients in an ongoing civil proceeding. Accordingly, the complaint against defendant Copenhaver must be dismissed.

It also appears that the allegations asserted against Justice of the Peace Allison would fail because of absolute immunity. In determining whether officials performing a particular function are entitled to absolute immunity, the courts have looked for a historical or common law basis for the immunity in question. *Mitchell v. Forsythe,* 472 U.S. 511, 521, 105 S.Ct. 2806, 2812, 86 L.Ed.2d 411 (1985).

As early as 1872, the Court recognized that it was "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon its own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher,* [80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872)] *supra,* [80 U.S. (13 Wall.)] at 347. For that reason, the court held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." 80 U.S. (13 Wall.), at 351.

*Stump v. Sparkman,* 435 U.S. 349, 355, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978). The principle of absolute judicial immunity was extended to suits brought under 42 U.S.C. § 1983 in *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors. *Stump v. Sparkman,* 435 U.S. 349, 359, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978). "The factor determining whether an act by a judge is a 'judicial' one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they deal with the judge in his judicial

capacity." *Id.,* 435 U.S. at 360, 98 S.Ct. at 1107.

■ More recently, absolute judicial immunity was discussed in *Mireles v. Waco,* —— U.S. ——, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). In that case it was alleged that a state judge directed police officers to seize by means of excessive force a public defender and bring him into his courtroom. The Court stated:

> [O]ur cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity. *Forrester v. White,* 484 U.S. [219], at 227–229, 108 S.Ct. [538], at 544–545[, 98 L.Ed.2d 555 (1988) ]; *Stump v. Sparkman,* 435 U.S., at 360, 98 S.Ct., at 1106. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Id.,* [435 U.S.], at 356–357, 98 S.Ct., at 1104–1105; *Bradley v. Fisher,* 80 U.S. (13 Wall.), at 351.

*Mireles v. Waco,* —— U.S. at ——, 112 S.Ct. at 288. Even if the actions of the judge may be characterized by malice or corruption of motive, the immunity is not lost. *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967). Absolute judicial immunity preserves the public interest that "judges should be at liberty to exercise their functions with independence and without fear of consequences." *Id.,* quoting *Scott v. Stanfield,* L.R.3 Ex. 220, 223 (1868). "The common law is protection for judges and prosecutors to form part of a 'cluster of immunities protecting the various participants in judge supervised trials,' which stemmed 'from the characteristics of the judicial process.' *Butz v. Economou,* 438 U.S. 478, 512, 98 S.Ct. 2894, 2913, 57 L.Ed.2d 895 (1978); cf. *King v. Skinner,* Lofft 54, 56, 98 Eng.Rep. 529 (K.B. 1772) ..." *Briscoe v. LaHue,* 460 U.S. 325, 335, 103 S.Ct. 1108, 1115, 75 L.Ed.2d 96 (1983).

In this case plaintiffs have alleged that the defendant Allison, while acting in his judicial capacity, and acting in concert with the other defendants, conspired to deprive plaintiffs of their civil rights. Allegations of a judge's conspiracy with others will not defeat the defense of absolute judicial immunity. *See Dennis v. Sparks,* 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980); *Moses v. Parwatikar,* 813 F.2d 891, 893 (8th Cir.1987).

> "Exceptions to absolute immunity should not be created freely. That malicious or corrupt acts are protected, [citation omitted] indicated how solidly the doctrine of absolute immunity is entrenched in our legal system. To defeat this doctrine by pleading a conspiracy would be to create an exception where none was intended. * * * However, the need to preserve the judge's independence requires a grant of absolute immunity."

*Id. See Ashelman v. Pope,* 793 F.2d 1072, 1078 (9th Cir.1986); *Schepp v. Fremont County, Wyo.,* 900 F.2d 1448, 1451–52 (10th Cir.1990).

Each of the actions of defendant Allison alleged by plaintiffs to have violated their civil rights relate to functions normally performed by a judge, such as his decisions to admit or exclude certain evidence and testimony, entry of a court order granting the McNeills' requested writ of restitution, and setting the amount of bond pending appeal. These are judicial acts and are well within the expectations of the parties in dealing with a judge in his judicial capacity. Plaintiffs' allegations against the defendant Allison are those of disappointed litigants long after disposition of the dispute. Plaintiffs cannot now recast their complaints about the judge and his rulings in the case in the form of a civil rights claim. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer exercising the authority invested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " *Mireles v. Waco,* —— U.S. at ——, 112 S.Ct. at 287, quoting *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872).

Plaintiffs also allege that Justice of the Peace Allison acted without jurisdiction by asserting that he was deciding a matter of title to property, not a forcible entry and detainer proceeding. This Court disagrees.

The transcript of the hearing clearly indicates that the court was proceeding pursuant to Wyo.Stat. §§ 1–21–1001 *et seq.,* the applicable Wyoming forcible entry and detainer statutes. The hearing was not a determination of title to the premises and was directed toward determining the McNeills' entitlement to possession of the premises. Defendant Allison acted within his jurisdiction, and according to law. For acts taken which are within his jurisdiction, defendant Allison is absolutely immune from suit. Plaintiffs' claims against defendant Allison are properly dismissed.

■ It is also this Court's opinion that the allegations against defendants Brewer, Coorough and Cheney are not sufficient and must be dismissed. Actions taken under the direction of a state court judge as officials responsible for enforcing their orders entitle them to the protective cloak of immunity as well. This is based upon a recognition that the power to execute judicial decrees is "no less an important and integral part of the judicial process than the roles of those officials previously afforded absolute immunity." *Valdez v. City and County of Denver,* 878 F.2d 1285, 1287–1288 (10th Cir.1989). This holding is consistent with cases agreement among the circuits agreeing that "court officers sworn to execute court orders are shielded by absolute immunity in the performance of their duty." *Id.* at 1288. *See also Kottcamp v. Fleet Real Estate Funding,* 783 P.2d 170 (Wyo.1989) (action by Sheriff conducting foreclosure sale pursuant to mortgage providing for foreclosure by advertisement and sale not state action sufficient to establish a violation of the Fourteenth Amendment and action "under color of state law" to establish a right to recover under § 1983); *Zartman v. Shapiro and Meinhold,* 811 P.2d 409, 414 (Colo.App.1990), *aff'd* 823 P.2d 120 (Colo.1992) (holding that "as a matter of law, ... the actions of a district court clerk in accepting C.R.C.P. 120 filings and setting hearings under that rule do not constitute action 'under color of state law' as required for an action to be brought under 42 U.S.C. § 1983").

■ As to the McNeills, a similar analysis pertains. "Merely instituting a routine civil suit does not transform a litigant's actions into those taken under color of state law. *Tunstall v. Office of Judicial Support of Court of Common Pleas of Delaware County,* 820 F.2d 631, 634 (3d Cir.1987).

> As the Supreme Court said in *Dennis v. Sparks,* 449 U.S. 24, 28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980), "[o]f course, merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Cf. Polk County v. Dodson,* 454 U.S. 312, 319, 102 S.Ct. 445, 450, 70 L.Ed.2d 509 (1981)[.] ....

*Id.* The McNeills purchased the property from the IRS and then resorted to available state court judicial procedures to obtain possession of the property they had purchased. Plaintiffs' complaint does not state a valid claim against them under Section 1983, nor does it state any other actionable constitutional violation against the McNeills. Dismissal of the claims against the McNeills is proper.

Finally, as to Michael Hirsch's claims arising out of the seizure of cash he claims to own, these claims also must fail. The seizure was accomplished by federal agents of the IRS and Bureau of Alcohol, Tobacco and Firearms. None of the federal defendants are parties to this suit. Consequently, dismissal is appropriate.

The plaintiffs' complaint must be dismissed for failure to state a cause of action pursuant to Fed.R.Civ.P. 12(b)(6). It is not necessary, therefore, that the Court address issues related to whether the cause of action belongs to the Chapter 7 Trustee, who is not a party to these proceedings. In the event that the Chapter 7 Trustee determines a cause of action exists, an unlikely event given the Court's foregoing analysis, this dismissal shall not prejudice the Trustee's right to bring a separate action seeking to recover on behalf of the estate for the benefit of creditors of the estate. Accordingly, and for the foregoing reasons, it is therefore

**ORDERED** that the motions to dismiss shall be, and are, **GRANTED.** It is further

ORDERED that plaintiffs' amended complaint against all defendants shall be, and is, DISMISSED.