Clara BARNARD, Plaintiff-Appellant,

v.

John Mark YOUNG a/k/a John Young, Jr., and Dr. Robert O'Toole, Superintendent of Eastern State Hospital of Vinita, Oklahoma, Defendants-Appellees.

No. 82–1657.

United States Court of Appeals, Tenth Circuit.

Nov. 15, 1983.

James C. Linger, Tulsa, Okl., for plaintiff-appellant.

John W. Young, Sapulpa, Okl., for defendants-appellees.

Before McKAY, LOGAN and SEYMOUR, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Plaintiff brought this action against a private attorney and a doctor who was Superintendent of Eastern State Hospital of Vinita, Oklahoma. She alleges that they violated her right to privacy under the ninth and fourteenth amendments and 42 U.S.C. § 1983 (Supp. V 1981). Pursuant to Fed.R.Civ.P. 12(b)(1), (2) and (6), the trial court granted defendants' motions to dismiss for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983 (Supp. V 1981). Plaintiff appeals from the dismissal of her action against the attorney, but not from the dismissal of her action against the doctor.

Plaintiff was involved in a child custody dispute with the attorney's client. In the course of the proceeding, the attorney had a subpoena duces tecum issued to the doctor, requiring him to appear and bring with him all Eastern State Hospital medical records pertaining to plaintiff. The doctor responded to the subpoena. Plaintiff claims the records were turned over to the attorney who allowed them to be seen by others.

On appeal, plaintiff raises two issues. First, whether she has a constitutionally protected right of privacy in her medical records which was violated by the alleged release. Second, whether her allegations show the necessary element of action under "color of law" to give rise to a cause of action under 42 U.S.C. § 1983 (Supp. V 1981).

A prerequisite to any relief under section 1983 is that the defendant has acted under

color of state law.[1] Plaintiff contends that by employing the subpoena duces tecum power of the State of Oklahoma the attorney acted under color of state law. In *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982), the Supreme Court set out a two-part test for finding state action:

> First, the deprivation must be caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state or by a person for whom the state is responsible.... Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor.

457 U.S. at 937, 102 S.Ct. at 2754.

▬ As we did in *Gilmore v. Salt Lake Community Action Program,* 710 F.2d 632, 637 (10th Cir.1983), we find that it is helpful to examine the second prong of the test first. A party may be a state actor because he is a state official, he acted together with or has obtained significant aid from state officials, or his conduct is otherwise chargeable to the state. *Lugar v. Edmondson Oil Co.,* 457 U.S. at 936, 102 S.Ct. at 2754 (1982). Application of the *Lugar* test does not change the vast weight of authority that private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983. *Polk County v. Dodson,* 454 U.S. 312, 318, 102 S.Ct. 445, 450, 70 L.Ed.2d 509 (1981).[2] Plaintiff's allegation that the attorney acted under color of state law when he employed the device of a subpoena duces tecum does not rise to the level of acting together with or obtaining significant aid from state officials. Nor is the conduct

otherwise chargeable to the state. Use of the court device of a subpoena duces tecum is no more joint action between the private attorney and the court than was the allegedly improper taking of a deposition in *Skolnick v. Martin,* 317 F.2d 855 (7th Cir. 1963). If an attorney does not become a state actor merely by virtue of instigating state court litigation, *Lugar v. Edmondson Oil Co.,* 457 U.S. at 939, 102 S.Ct. at 2755 n. 21, then the attorney does not become a state actor merely by employing state authorized subpoena power. *See id.* 102 S.Ct. at 2756–57. There is no claim here that state officers seized the documents or otherwise acted to enforce the subpoena. Thus this case does not come under the "joint participation" doctrine. *United States v. Price,* 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); and *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).

To the extent that plaintiff alleges that state law did not authorize defendant to obtain the records, "the conduct of which [plaintiff] complained could not be ascribed to any governmental decision." *Lugar v. Edmondson Oil Co.,* 457 U.S. at 940, 102 S.Ct. at 2756.

Plaintiff raises a narrower issue. Essentially, she argues that the documents produced under the subpoena were privileged. This is a challenge to the scope of the subpoena. Even if the documents are privileged, the attorney is not a state actor. The proper remedy would have been a motion to quash.

---

1. Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,* subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall

   be considered to be a statute of the District of Columbia.
   42 U.S.C. § 1983 (Supp. V 1981) (emphasis added).

2. *See also, Black v. Bayer,* 672 F.2d 309 (3d Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 230, 74 L.Ed.2d 182 (1982); *Lindley v. Amoco Production Co.,* 639 F.2d 671 (10th Cir.1981); *Hall v. Quillen,* 631 F.2d 1154 (4th Cir.1980); *Slavin v. Curry,* 574 F.2d 1256, 1265 (5th Cir.1978); *Fine v. City of New York,* 529 F.2d 70, 74 (2d Cir.1975); *Skolnick v. Martin,* 317 F.2d 855 (7th Cir.1963).

Having concluded that the attorney was not a state actor, we need not address the second prong of the *Lugar* test. Further, since there is no jurisdiction over the defendant under section 1983, we do not need to reach the issue of whether plaintiff has a constitutionally protected right to privacy in her medical records, and if so, whether that right was violated.

Affirmed.