977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Orval W. TAYLOR, Plaintiff-Appellant,
v.
Sam HOUSTON, Defendant-Appellee.
 No. 92-6208.
 United States Court of Appeals, Tenth Circuit.
 Oct. 19, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Pro se plaintiff Orval W. Taylor appeals from the district court's dismissal of his 42 U.S.C. § 1983 cause of action against defendant-appellee Sam Houston, who served as Mr. Taylor's retained counsel in a state criminal proceeding. Mr. Taylor contends that Mr. Houston deprived him of certain constitutional rights while acting under color of state law by failing to perfect his right to appeal in the state court criminal proceeding. Mr. Taylor's complaint boils down to the assertion that Mr. Houston acted under color of state law by virtue of his status as an officer of the court; however, a private attorney does not become a state actor susceptible to a § 1983 cause of action simply because of his status as an officer of the court. Polk County v. Dodson, 454 U.S. 312, 318-19 (1981); Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir.1983). Therefore, the district court properly dismissed the complaint as legally frivolous under 28 U.S.C. § 1915(d). See Neitzke v. Williams, 490 U.S. 319, 327 (1989).
 
 
 2
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3