16 F.3d 415
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lloyd Raymond BATES, Plaintiff-Appellant,
v.
Rick CHEW, Attorney; Richard Hopkins, Attorney, Defendants-Appellees.
 No. 93-1223.
 United States Court of Appeals, Tenth Circuit.
 Jan. 6, 1994.
 
 Before LOGAN, SETH and BARRETT, Circuit Judges..
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Lloyd Raymond Bates filed a civil rights suit pursuant to 42 U.S.C.1983 against Rick Chew and Richard Hopkins, alleging that his Sixth Amendment right to counsel was violated and his guilty plea to criminal charges was not voluntary. His petition, on a form designating it as a 1983 action, also contained a request to vacate the sentence imposed upon him, a habeas claim for relief cognizable under 28 U.S.C. 2254(d). The district court dismissed the complaint for failure to state a claim.
 
 
 3
 Plaintiff's allegations stem from ethical violations committed by Chew while acting as retained counsel jointly defending plaintiff and his son on criminal charges in state court. Both plaintiff and his son waived all conflicts through the preliminary hearing phase of the prosecution. After the prosecutor moved to disqualify Chew, plaintiff again waived all conflicts, thereby permitting Chew to continue representing plaintiff's son. The court then evidently appointed Hopkins, Chew's former law partner, to defend plaintiff after the son agreed to testify against plaintiff as part of a plea agreement. After plaintiff's guilty plea and incarceration, the Colorado Supreme Court Grievance Committee found that attorney Chew violated DR5-105(A) and DR5-105(B) in connection with his representation of plaintiff and his son. Chew was temporarily suspended from the practice of law following disciplinary proceedings for those violations and other instances of unethical conduct.
 
 
 4
 In order to be viable, a 1983 claim must establish that defendants were acting under color of state law when they deprived plaintiff of a right guaranteed by the Constitution. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Attorneys engaged in the private practice of law are not acting under color of state law. Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir.1983).
 
 
 5
 Plaintiff references conspiracy in his complaint and briefs but has not stated any facts showing a state actor participated. Therefore, we agree with the district court that plaintiff has not stated a valid claim against defendants pursuant to 1983. Insofar as plaintiff's case is a civil rights action, we affirm the district court's dismissal.
 
 
 6
 Plaintiff has also requested in his complaint that his sentence be vacated. His appellate brief also references 2254, and speaks of his void sentence, although these references are mixed in with a great deal of confused argument. Under a liberal construction of pro se complaints we would treat this action as seeking habeas relief under 28 U.S.C. 2254, if plaintiff had named as a party a proper defendant who could give relief.[2] He did not. His attorneys, of course, are not proper defendants in a habeas case. Therefore, insofar as plaintiff's complaint attempts to state a claim for habeas relief it must be dismissed for failure to sue a proper defendant.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 [2]
 Our court previously dismissed a habeas petition by this plaintiff for failure to exhaust his state remedies. Bates v. Gunter, No. 91-1184 (10th Cir. Oct.30, 1991), cert. denied, 112 S.Ct.1964 (1992). We cannot ascertain from the record whether plaintiff subsequently exhausted his state remedies, including those for post-conviction relief