**Carl SMITH, Peggy Taylor, Robert Miller, Jean Smith, and Tom Roberts, Plaintiffs–Appellants,**

v.

**HILLTOP BASIC RESOURCES, INC., Defendant–Appellee.**

No. 03–5173.

United States Court of Appeals, Sixth Circuit.

May 19, 2004.

Stephen T. McMurtry, Law Firm of Stephen T. McMurtry, Ft. Mitchell, KY, for Plaintiffs–Appellants.

Thomas A. Prewitt, Graydon, Head & Ritchey, Ft. Mitchell, KY, for Defendant–Appellee.

Before BATCHELDER and GIBBONS, Circuit Judges; and COHN, District Judge.*

COHN, District Judge.

This is a civil rights case. Plaintiffs say that Hilltop Basic Resources, Inc. (Hilltop) violated their freedom of speech and right to privacy in violation of 42 U.S.C. § 1983 by subpoenaing them to provide documents and give depositions in a pending state court case. The district court granted Hilltop's motion to dismiss on the grounds that plaintiffs could not show action under color of state law. We affirm.

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

## I. BACKGROUND

Plaintiffs own property in Boone County, Kentucky. They opposed a zoning map amendment sought by Hilltop that would allow Hilltop to operate a subsurface mine on property in Boone County. Plaintiffs spoke out against the proposed amendment at a Boone County Fiscal Court hearing on August 29, 2000. The Fiscal Court denied the proposed amendment by a vote of 3–0.

Hilltop then filed an original action in the Boone County Circuit Court appealing the Fiscal Court's decision. During proceedings in the Circuit Court, Hilltop issued subpoenas duces tecum to plaintiffs requiring them to appear for depositions and produce various documents, including notes, correspondence, and memoranda relating to Hilltop's proposed amendment, as well as phone records for the time period immediately preceding the hearing. Plaintiffs moved to quash the subpoenas arguing that they were not reasonably calculated to lead to the discovery of admissible evidence. Hilltop responded that plaintiffs may have engaged in improper ex parte communication with a member of the Fiscal Court and that the subpoenas would lead to discovery of this information. The Circuit Court denied plaintiffs' motion because the information sought by Hilltop was relevant and not being sought for the purpose of harassment.

Plaintiffs then filed a petition for a writ of prohibition. The Kentucky Court of Appeals denied the petition holding that plaintiffs failed to show irreparable harm or the lack of an adequate remedy on appeal. Finally, plaintiffs moved for reconsideration of the original order. The Circuit Court denied the motion but stated that, as agreed to previously by the parties, plaintiffs would only be required to produce phone records once Hilltop demonstrated that the materials were relevant and necessary to its claims. Plaintiffs were eventually deposed in June and July 2001. Hilltop's case is currently pending.

On June 25, 2002, plaintiffs filed suit against Hilltop alleging that the only common thread among them was that they each voiced opposition to Hilltop's proposed amendment and that Hilltop's subpoenas were issued in retaliation for their opposition and to deter future public participation in zoning issues. Plaintiffs alleged infringement of their rights to freedom of speech and privacy pursuant to section 1983 as well as state law abuse of process.

Hilltop moved to dismiss arguing that plaintiffs failed to establish action under color of state law as required by section 1983. The district court, relying on *Hahn v. Star Bank*, 190 F.3d 708 (6th Cir.1999), and distinguishing the cases cited by plaintiffs, granted the motion. The district court also denied plaintiffs' motion for leave to amend their complaint as futile and declined to exercise supplemental jurisdiction over the state law abuse of process claim.

## II. ANALYSIS

This Court reviews a district court's decision dismissing a complaint under Fed. R.Civ.P. 12(b)(6) de novo. *Goad v. Mitchell*, 297 F.3d 497, 500 (6th Cir.2002). "In reviewing a Rule 12(b)(6) motion to dismiss, we treat all well-pleaded allegations in the complaint as true, and we will find dismissal proper only 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief.'" *Id.* (citation omitted).

"Under 42 U.S.C. § 1983, a plaintiff must allege (1) deprivation of a right secured by the federal Constitution or laws of the United States, and (2) that the deprivation was caused by a person while

acting under color of state law. Absent either element, a section 1983 claim will not lie." *Christy v. Randlett,* 932 F.2d 502, 504 (6th Cir.1991) (citations omitted). Here, the element of action under color of state law is clearly missing.

In *Hahn,* this Court "put this circuit on record as holding that a private attorney issuing a subpoena does not become a state actor for the purposes of § 1983." *Hahn,* 190 F.3d at 717 (adopting the reasoning of *Barnard v. Young,* 720 F.2d 1188 (10th Cir.1983)). The Hahns obtained a loan from Star Bank, which they used to build a new house. The drywall used in the construction was defective and the Hahns sued the supplier. After the jury returned a verdict in their favor, the Hahns discovered that the attorney for the supplier had previously obtained their loan file from Star Bank. The Hahns sued Star Bank and other defendants asserting multiple causes of action. The district court granted summary judgment for Star Bank and the Hahns sought leave to amend their complaint to include a section 1983 claim based on the alleged disclosure of private information, which the district court denied as futile. This Court affirmed the district court's denial because the Hahns failed to allege action under color of state law. Numerous other courts have similarly held. *See, e.g., Polk County v. Dodson,* 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) ("a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983"); *Angelico v. Lehigh Valley Hosp., Inc.,* 184 F.3d 268, 278 (3d Cir.1999) ("an attorney does not become a state actor simply by

employing the state's subpoena laws"); *Hoai v. Vo,* 935 F.2d 308, 313 (D.C.Cir. 1991) ("mere recourse to state or local court procedures does not by itself constitute 'joint activity' with the state sufficient to subject a private party to liability under section 1983"); *Barnard,* 720 F.2d at 1189 ("Use of the court device of a subpoena duces tecum is no more joint action between the private attorney and the court than was the allegedly improper taking of a deposition.... If an attorney does not become a state actor merely by virtue of instigating state court litigation, then the attorney does not become a state actor merely by employing state authorized subpoena power.").

Despite the clear holding of *Hahn* that the issuance of a subpoena does not amount to state action, plaintiffs make two arguments in rebuttal.[1] Neither argument has merit.

First, plaintiffs say that *Hahn* is distinguishable on its facts because in this case. Hilltop did more than simply issue a subpoena—it argued against plaintiffs' motion to quash, failed to demonstrate that the subpoenas were properly issued, and obtained an order from the Boone County Circuit Court compelling discovery. Plaintiffs, however, fail to recognize that like the supplier in *Hahn,* the only action initiated by Hilltop was the issuance of the subpoenas. Plaintiffs, not Hilltop, invoked state law procedures by moving to quash the subpoenas. Hilltop never sought enforcement of the subpoenas through a contempt order or otherwise. Further, the Circuit Court order merely denied plaintiffs' motion to quash and was not styled as an order enforcing the subpoenas. Conse-

---

1. To the extent plaintiffs argue that the Circuit Court should have quashed the subpoenas because Hilltop did not have a compelling need for the information, that question was addressed at the state level and is not before this Court. *See Barnard,* 720 F.2d at 1189 (holding that, in a similar factual sce-

nario, the plaintiff's challenge to the merits of the subpoena itself was irrelevant to the determination of whether state action occurred). The decision for review here is the district court's dismissal of plaintiffs' section 1983 claim based on a failure to establish action under color of state law.

quently, the rule in *Hahn* controls this case, and Hilltop's attorney did not become a state actor by issuing the subpoenas or arguing against plaintiffs' motion to quash.

Second, plaintiffs rely on two Supreme Court cases in arguing for the existence of state action in this case. In *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 924, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982), a creditor sued its debtor and sought prejudgment attachment of the debtor's property. Pursuant to Virginia law, the creditor submitted an ex parte petition stating a belief that the debtor might dispose of his property and the state court issued a writ of attachment, which was executed by the sheriff. *Id.* Later, a state trial judge dismissed the attachment after a hearing. *Id.* at 925. The debtor then sued his creditor for depriving him of due process of law under section 1983. *Id.* The Supreme Court explained the circumstances under which the actions of a private party can be considered state action:

> Our cases have accordingly insisted that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State. These cases reflect a two-part approach to this question of "fair attribution." First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.... Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State. Without a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them.

*Id.* at 937. Under the first prong, the alleged due process deprivation was caused by the exercise of the state-created right of attachment. *Id.* at 941. "While private misuse of a state statute does not describe conduct that can be attributed to the State, the procedural scheme created by the [Virginia] statute obviously is the product of state action." *Id.* Under the second prong, the creditor's "joint participation with state officials in the seizure of [the] disputed property" was sufficient to characterize the creditor as a state actor. *Id.* Thus, the debtor presented a valid section 1983 action. *Id.* at 942.

Plaintiffs also cite *Edmonson v. Leesville Concrete Co.,* 500 U.S. 614, 616, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991), where a black construction worker sued his employer for negligence in federal district court. At trial, the employer used two peremptory challenges to remove black persons from the prospective jury. *Id.* at 616. The Supreme Court applied the two-part *Lugar* test to determine whether the employer's conduct was state action violating the equal protection component of the Fifth Amendment's Due Process Clause. *Id.* at 620. The first prong was satisfied because the use of peremptory challenges was expressly authorized by statute and "[b]y their very nature, peremptory challenges have no significance outside a court of law." *Id.* Regarding the second prong, the Court identified three important factors to be used in deciding whether a private litigant can be fairly deemed a state actor: "the extent to which the actor relies on governmental assistance and benefits, whether the actor is performing a traditional governmental function, and whether the injury caused is aggravated in a unique way by the incidents of governmental authority." *Id.* at 621–22 (citations omitted). The Court then recognized that "[a]lthough private use of state-sanctioned private remedies or procedures does not

rise, by itself, to the level of state action, our cases have found state action when private parties make extensive use of state procedures with 'the overt, significant assistance of state officials.'" *Id.* at 622 (citations omitted). Because the overt, significant assistance of the court was required for a private party to exercise peremptory challenges, the Court held that the state action requirement was met. *Id.* at 622–28. Importantly, however, the Court limited its holding to the context of peremptory challenges:

> *Here, as in most civil cases, the initial decision whether to sue at all, the selection of counsel, and any number of ensuing tactical choices in the course of discovery and trial may be without the requisite governmental character to be deemed state action.* That cannot be said of the exercise of peremptory challenges, however; when private litigants participate in the selection of jurors, they serve an important function within the government and act with its substantial assistance. If peremptory challenges based on race were permitted, persons could be required by summons to be put at risk of open and public discrimination as a condition of their participation in the justice system. The injury to excluded jurors would be the direct result of governmental delegation and participation.

*Id.* at 627–28 (emphasis added).

Plaintiffs say that just like the employer in *Edmonson*, Hilltop received the overt, significant assistance of the Boone County Circuit Court. Plaintiffs say that the depositions never would have taken place without the order from the Circuit Court. Hilltop performed a traditional governmental function by employing the discovery tools of the Kentucky Rules of Civil Procedure, and the entire judicial process is tainted when the discovery rules are misused with the significant aid of the state court.

Contrary to plaintiffs' assertions, the rationale of *Lugar* and *Edmonson* cannot be expanded to cover a private litigant's attorney who does nothing more than issue a subpoena and oppose a motion to quash brought by the subpoenaed party. *See Barnard*, 720 F.2d at 1189 (concluding that application of the *Lugar* test does not change the "vast weight of authority that private attorneys ... do not act under color of state law within the meaning of section 1983"); *Bochetto v. LaBrum & Doak, L.L.P.*, No. 96–7983, 1997 WL 560191, at *5–*6 (E.D.Pa. Aug. 28, 1997) (holding that under *Lugar* and *Edmonson*, an attorney who issued a subpoena, opposed a motion for protective order, and obtained a court order requiring compliance with the subpoena did not act under color of state law for the purposes of section 1983). There is an important distinction between utilizing ordinary state-authorized litigation procedures and " 'actually using state officials to enforce or carry out' " those procedures. *See Angelico*, 184 F.3d at 278 (citation omitted). Here, it was plaintiffs, not Hilltop, who initiated proceedings in the Circuit Court. Hilltop never relied on the state court's assistance in enforcing the subpoenas. State officers never seized the requested documents, and plaintiffs were never held in contempt for refusing to comply with the subpoenas. Hilltop's actions are more akin to tactical litigation practices than traditional governmental functions like the exercise of peremptory challenges. *See Edmonson*, 500 U.S. at 627–28. As the district court correctly pointed out, this case is fundamentally different from the situation in *Edmonson:* Hilltop's actions cannot fairly be deemed actions under color of state law.

Indeed, carried to its logical conclusion, plaintiffs' position would create the illogical result that any time a party wins a discovery dispute with an individual in pos-

session of arguably relevant evidence, that party becomes a state actor subject to section 1983 liability. Clearly, this result does not comport with the policy of "[c]areful adherence to the 'state action' requirement[, which] preserves an area of individual freedom by limiting the reach of federal law and federal judicial power." *See Lugar,* 457 U.S. at 936.

## III.  CONCLUSION

*Hahn* dictates that a private attorney issuing a subpoena does not become a state actor for the purposes of section 1983.  Plaintiffs' tenuous efforts to extend the state action rationale of *Lugar* and *Edmonson* to Hilltop, which merely issued subpoenas and opposed plaintiffs' motion to quash, are unavailing.  Plaintiffs simply cannot establish action under color of state law.

Accordingly, the district court's decision is AFFIRMED.