**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PAUL NAGY,

　　　　Plaintiff-Appellant,

v.

GERRY L. SPENCE,

　　　　Defendant-Appellee.

No. 05-8108

(D. Wyoming)

(D.C. No. 05-CV-219-D)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Paul Nagy, a federal prisoner proceeding pro se, filed a 42 U.S.C. § 1983 civil rights action for damages against Gerry L. Spence. Mr. Spence is an attorney in private practice in Jackson, Wyoming. Mr. Nagy seeks damages from

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Spence for refusing to represent him in proceedings against the Federal Medical Center in Butner, North Carolina. The district court dismissed sua sponte Mr. Nagy's complaint for failure to state a claim under § 1983, concluding that Mr. Spence is not a state actor. On appeal, Mr. Nagy challenges the district court's dismissal of his complaint, and he also seeks to proceed in forma pauperis ("IFP").

We review de novo a district court's sua sponte dismissal of a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *Perkins v. Kan. Dep't of Corr.,* 165 F.3d 803, 806 (10th Cir. 1999). "Dismissal of a pro se complaint for failure to state a claim [under § 1915(e)(2)(B)(ii)] is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Id.* Because Mr. Nagy is proceeding pro se, we must construe his complaint liberally, holding him to a less stringent standard than formal pleadings that lawyers draft. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

We agree with the district court that Mr. Nagy's complaint should be dismissed for failure to state a claim because he has not alleged (nor could he) that Mr. Spence is a state actor. "A prerequisite to any relief under section 1983 is that the defendant has acted under color of state law." *Barnard v. Young*, 720 F.2d 1188, 1188-89 (10th Cir. 1983). Mr. Nagy has not alleged that Mr. Spencer

-2-

"is a state official, . . . has acted together with or has obtained significant aid from state officials, or . . . his conduct is otherwise chargeable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) (describing ways in which a person "may fairly be said to be a state actor"). Contrary to Mr. Nagy's contentions, the state-actor requirement for a § 1983 action is not set aside even if there is "ongoing [i]mminent [d]anger" to the plaintiff. Aplt's Br. at 3.

Accordingly, we AFFIRM the district court's dismissal of Mr. Nagy's complaint for failure to state a claim, and the district court's dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999). We also DENY Mr. Nagy's motion to proceed IFP, and order immediate payment of the unpaid balance of his appellate filing fee.

Entered for the Court,


Robert H. Henry
Circuit Judge