FILED
United States Court of Appeals
Tenth Circuit

November 22, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROY L. JACKSON,

     Plaintiff - Appellant,

v.

RICHARD COONS; DRYER &
ASSOCIATES P.C.; DAVID M. DRYER,

     Defendants - Appellees.

No. 17-5041
(D.C. No. 4:16-CV-00217-CVE-PJC)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

The district court dismissed claims Roy L. Jackson made under 42 U.S.C.

§ 1985(3) and declined to exercise supplemental jurisdiction over his state-law

claims.  It later denied a post-judgment motion to alter or amend the judgment.

Representing himself, Mr. Jackson appeals.  Given the plain designation in the notice

of appeal of only the order denying the post-judgment motion, our jurisdiction

extends only so far as to review that decision.  We affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**BACKGROUND**

When Richard and Barbara Coons bought real property from Patricia Howie, they agreed to pay her mortgage loan. They made the payments online. Ms. Howie later tried to cancel the transaction and to bar the Coonses' online access to the mortgage account. The Coonses, represented by David M. Dryer of Dryer & Associates, P.C. (the Dryer Firm), prevailed in state court, which ordered Ms. Howie not to interfere with their access to the account. But shortly thereafter the Coonses again lost online access to the account, and disputes over their access continued for months. Those later events involved Mr. Jackson, allegedly acting as Ms. Howie's attorney-in-fact. Ultimately the state court found Ms. Howie in contempt of court based on her and Mr. Jackson's actions.

As relevant to this action, § 1985(3) prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." In an original complaint and then a first amended complaint, Mr. Jackson claimed that by impairing his privilege to manage the mortgage account, Mr. Coons, Mr. Dryer, and the Dryer Firm deprived him of his First Amendment rights to free expression and free association, thereby violating § 1985(3). He also made claims under state law. The district court dismissed the § 1985(3) claims because Mr. Jackson did not allege any state action or involvement in the alleged conspiracy, a required element of a § 1985(3) claim alleging deprivation of First Amendment rights. *See United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 830, 832

2

(1983); *Tilton v. Richardson*, 6 F.3d 683, 686-87 (10th Cir. 1993). "Plaintiff alleges that defendants conspired to interfere with his access to Patricia Howie's mortgage account, but this is a purely private matter and there is no possible state involvement or interest in the alleged conspiracy." R. at 31-32. The district court declined to exercise supplemental jurisdiction over the state-law claims.

Mr. Jackson moved to set aside the judgment, asserting that he "believed he would have an opportunity through discovery" to make the required allegation of state action and that he "has alleged with particularity 'State action' in His 2nd amended complaint presented simultaneously with this motion." R. at 35. Treating the motion as one under Fed. R. Civ. P. 59(e), the district court denied relief. "Plaintiff's filings in this case show[] that he is reasonably familiar with the legal system, and his pro se status does not excuse his failure to allege an essential element of his § 1985 claims." R. at 68-69. The district court further concluded that the second amended complaint also failed to state a claim under § 1985(3).

## ANALYSIS

### I. Order(s) Under Review

We first must determine what order or orders we can review. The notice of appeal states that Mr. Jackson appeals "from the Order filed April 7, 2017," R. at 71, which was the order denying the Rule 59(e) motion. The appellees therefore argue that under Fed. R. App. P. 3(c)(1)(B), this court may review only the Rule 59(e) order, not the original order dismissing the § 1985(3) claims and declining to exercise jurisdiction over the state-law claims.

3

Rule 3(c)(1)(B) requires that a notice of appeal "designate the judgment, order, or part thereof being appealed." "Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review. Although courts should construe Rule 3 liberally when determining whether it has been complied with, noncompliance is fatal to an appeal." *Smith v. Barry*, 502 U.S. 244, 248 (1992) (citation omitted). And even though Mr. Jackson represents himself, he still must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

Because the notice of appeal named only the April 7, 2017, order, it did not preserve an appeal of the earlier merits order. *See Scrivner v. Sonat Expl. Co.*, 242 F.3d 1288, 1290 n.1 (10th Cir. 2001) (holding that notice of appeal that "clearly states that it is appealing the attorney fee order . . . is insufficient to appeal the merits"); *cf. Brown v. Eppler*, 725 F.3d 1221, 1228 n.4 (10th Cir. 2013) (determining that both a final judgment and an order denying a Rule 59 motion were properly designated when the notice of appeal referred to both orders). Of course, "our jurisdiction will not be defeated if other papers filed within the time period for filing the notice of appeal provide the functional equivalent of what Rule 3 requires." *Denver & Rio Grande W. R.R. Co. v. Union Pac. R.R. Co.*, 119 F.3d 847, 849 (10th Cir. 1997) (internal quotation marks omitted). No other document filed in the appeal period, however, indicated an intent to appeal the earlier dismissal order. We

4

therefore may review only the April 7, 2017, decision denying Mr. Jackson's post-judgment motion.

## II.     Denial of Post-Judgment Motion

We review the denial of a Rule 59(e) motion for abuse of discretion. *Etherton v. Owners Ins. Co.*, 829 F.3d 1209, 1228 (10th Cir. 2016). "To reverse, we must have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* (internal quotation marks omitted). "The abuse of discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." *Id.* (internal quotation marks omitted).

The district court's principal reason for denying the Rule 59 motion was that Mr. Jackson had been on notice that his § 1985(3) claim required the "state action" element, yet his first amended complaint had failed to allege facts to support state action and he had failed to argue state action in the briefing. The district court did not abuse its discretion in denying post-judgment relief on the ground that Mr. Jackson should have made his assertions of state action earlier. A post-judgment motion should not advance "supporting facts which were available at the time of the original motion," and "a motion for reconsideration . . . is not appropriate to . . . advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The district court further concluded that the proposed second amended complaint failed to state a claim under § 1985(3). We agree that the second amended

5

complaint does not state a § 1985(3) claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation marks omitted)). Mr. Dryer's and the Dryer Firm's representation of Mr. Coons in the state-court lawsuit was purely private activity that fails to support a § 1985(3) claim. *See Redwood v. Dobson*, 476 F.3d 462, 467 (7th Cir. 2007). Contrary to Mr. Jackson's argument, these defendants' membership in the state bar and organization under state law do not plausibly establish the state action element.

Finally, Mr. Jackson argues in his reply brief that his proposed second amended complaint also presented a claim under 42 U.S.C. § 1983. This argument is waived for failure to present it in the opening brief. *See Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011). But in any event, Mr. Jackson cannot proceed against these defendants under § 1983 because an attorney's representation of a client in a lawsuit does not constitute action under color of state law as required by § 1983. *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005); *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983).

## CONCLUSION

The district court's denial of the post-judgment motion is affirmed.

Entered for the Court

Monroe G. McKay
Circuit Judge

6