FILED
**United States Court of Appeals
Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 7, 2024**

**Christopher M. Wolpert
Clerk of Court**

_____

CHARLES ALFRED ARMAJO, JR.,

    Plaintiff - Appellant,

v.

WYOMING PUBLIC DEFENDER, in her
official capacity a/k/a Diane Lozano;
WYOMING PUBLIC DEFENDER TRIAL
COUNSEL, in his official capacity a/k/a
Brandon Booth; MICHAEL BENNETT,
in his official capacity and individually;
DIANE LOZANO, individually;
BRANDON BOOTH, individually,

    Defendants - Appellees.

No. 23-8041
(D.C. No. 1:23-CV-00065-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Charles Alfred Armajo, Jr., filed the underlying 42 U.S.C. § 1983 civil rights

action against his criminal trial and appellate attorneys—two public defenders and a

court-appointed attorney in private practice—alleging that they violated his

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

constitutional rights to access to courts, counsel, and due process. The district court dismissed his claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, determined that the claims were frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(l), and assessed a strike pursuant to § 1915(g). Mr. Armajo appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss this appeal as frivolous and assess another strike.

## Background

Mr. Armajo was convicted of second-degree sexual abuse of a child in Wyoming state court. While he was detained in Minnesota on an Interstate Compact Detainer, the Wyoming Supreme Court (WSC) affirmed his conviction on direct appeal. He pursued state habeas relief before the WSC, which denied relief. His efforts to obtain habeas relief in federal court, including based on claims of ineffective assistance of counsel during his detention in Minnesota, have also failed.

In his original and amended complaints (together, complaints), Mr. Armajo alleged his criminal attorneys violated his rights by (1) hindering his ability to pursue an appeal by withholding transcripts and other evidence from him; (2) missing the deadline for seeking United States review of the decision in his direct appeal; and (3) compromising the success of his appeal by refusing his phone calls and ignoring his correspondence. He also alleged that counsel's failure to raise certain issues "affect[ed] the outcome" of his appeal and violated his "right to effective assistance of counsel at trial, and on appeal." R. at 591 (capitalization omitted). He sought damages and declaratory and injunctive relief, and he asked the court to "review his

2

entire case de novo with the purpose of determining if his case is in fact, warranting of overturn and/or vindication in Wyoming." R. at 54.

On screening, the district court construed the complaints as asserting claims against each of the defendants in their individual and official capacities, and dismissed the claims for failure to state a claim on several grounds. First, it concluded that the individual-capacity claims failed because the defendants were not state actors. Second, it concluded that the official-capacity claims failed because Mr. Armajo did not plausibly allege that the Wyoming Public Defender's Office has a policy or custom that causes constitutional violations or that any of the defendants followed a policy or widespread custom condoning deprivation of his rights. Third, it held that Mr. Armajo's ineffective-assistance-of-counsel claim was barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on the merits of that claim would imply the invalidity of his conviction. *See id.* at 486-87 (holding that an action for monetary damages under § 1983 cannot be used to challenge the validity of a conviction). Finally, the court concluded that his allegations regarding counsel's alleged interference with his ability to file a petition for writ of certiorari failed for several reasons, including on the ground that he did not have a constitutional right to counsel to pursue discretionary applications for review in the Supreme Court. So he cannot be deprived of the effective assistance of counsel based on counsel's failure to file a timely petition. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (per curiam). The court then held that Mr. Armajo could not, as a matter of law, obtain the relief he sought against these defendants under § 1983 and that he could

3

not amend his complaint to state a claim on which relief could be granted. It thus dismissed the claims with prejudice, and because they were squarely foreclosed by Supreme Court precedent, it deemed his claims frivolous and imposed a strike.

## Standard of Review

A district court must dismiss an action filed by a person seeking to proceed in forma pauperis (IFP) if it determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). We review such dismissals de novo. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). We review "the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Id.* at 1218 (internal quotation marks omitted). In doing so, we accept all well-pled factual allegations as true and view them in the light most favorable to the plaintiff. *Id.* at 1217. But "the tenet that a court must accept" well-pled factual allegations as true "is inapplicable to legal conclusions," so we are not bound by the plaintiff's recital of legal principles supported by conclusory statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

Mr. Armajo represents himself so we construe his filings liberally, but we will not serve as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**Discussion**

**1.  Dismissal for Failure to State a Claim**

To state a claim under § 1983, the plaintiff must prove two elements: "(1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). The under-color-of-law requirement is "a jurisdictional requisite for a § 1983 action." *Polk Cnty. v. Dodson*, 454 U.S. 312, 315 (1981). And it poses an insurmountable obstacle for all of Mr. Armajo's claims against these defendants.

In *Polk County*, the Supreme Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id.* at 325. The Court reasoned that although public defenders are paid by the state, they do not act on behalf of the state, but serve the public by advancing the individual interests of their clients. Thus, when defending a client, a public defender's relationship to the state is necessarily independent, and even adversarial, and she exercises independent judgment in the same manner as an attorney in the private sector. *Id.* at 318-19, 321-22; *see also id.* at 319 ("This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed."). The same rationale applies whether the attorney is "appointed[] or serving in a legal aid or defender program." *Id.* at 318 (internal quotation marks omitted); *cf. Barnard v. Young*, 720 F.2d 1188, 1188-89 (10th Cir. 1983) (recognizing that an attorney does not become a state actor merely by representing clients in court). Even if counsel's deficient performance

5

"cause[s] the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." *Briscoe v. LaHue*, 460 U.S. 325, 329 n.6 (1983) (citation omitted).

Mr. Armajo's complaints alleged that the defendants were his criminal defense attorneys and were acting as his attorneys at the time of the complained-of conduct. Thus, they were not state actors for § 1983 purposes, and the district court properly dismissed his claims on that basis. *See Polk Cnty.*, 454 U.S. at 324-25 (affirming dismissal of claim against public defender stemming from her withdrawal from representing plaintiff in his criminal appeal); *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995) (affirming dismissal of § 1983 suit brought by criminal defendants against their court-appointed defense attorneys for violation of their rights to counsel and due process, explaining that "even if counsel performs what would otherwise be a traditional lawyer function . . . so inadequately as to deprive the client of constitutional rights, defense counsel still will not be deemed to have acted under color of state law," *id.* at 910), *superseded by statute on other grounds as stated in Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011).[1]

---

[1] A public defender may act under color of law when acting outside her traditional functions as counsel, *see Polk Cnty.*, 454 U.S. at 324-25, and "an otherwise private person" such as a public defender acts "under color of state law" when conspiring with state officials to deprive a client of constitutional rights, *Tower v. Glover*, 467 U.S. 914, 920 (1984). Mr. Armajo did not allege either that the defendants were acting outside their traditional functions as counsel or conspiring with state officials. And his allegations that public defenders and prosecutors have a conflict of interest because they are both employed by the state, *see* R. at 41-42, did

We are not persuaded otherwise by Mr. Armajo's insistence that his attorneys were acting under of color of law because they were employed by the state and were "Officers of the Court," Aplt. Opening Br. at 6. Those arguments are squarely foreclosed by *Polk County*, in which the Court recognized that although public defenders are paid with state funds, they act independent of the state's authority, and exercise independent judgment in representing a criminal defendant. *See* 454 U.S. at 317-19. Thus, despite the source of their payment, criminal defense attorneys do not act under color of law when representing their clients. *See id. Polk County* also made clear that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983." *Id.* at 318 (internal quotation marks omitted).

None of Mr. Armajo's arguments on appeal call the district court's ruling into question, and we can conceive of no amendments to his complaint that would satisfy the state-action element of his § 1983 claims against these defendants. Accordingly, it was appropriate for the district court to dismiss the complaint with prejudice. *See Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001) (affirming with-prejudice § 1915(e)(2) dismissal where no amendments could cure pleading defects).

Having concluded that the district court correctly dismissed the claims on the ground that the defendants were not state actors, we need not address the other

---

not state a viable conspiracy claim. *See Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994) (dismissing § 1983 conspiracy claim against public defenders as conclusory and unsupported by facts).

grounds for dismissal.  Accordingly, we do not address Mr. Armajo's arguments challenging the district court's conclusion that he failed to plead sufficient facts to support his official-capacity claim.  We also need not address his argument that because he "never sought relief in the form of overturning his conviction," Aplt. Opening Br. at 8, the district court erred by concluding that his ineffective-assistance-of-counsel claim was barred under *Heck*.  We nevertheless note that his original complaint specifically asked the district court to "overturn" his conviction based on defense counsel's alleged ineffectiveness, R. at 54, and alleged that given his lack of success on direct appeal and in his state and federal court habeas proceedings, the only way he could get relief from what he characterized as his wrongful conviction was through his civil rights action.  These allegations are precisely the type of claims barred by *Heck*, because success on the merits would necessarily imply the invalidity of his conviction.

### 2.  Frivolousness Determination and Imposition of a Strike

We reject Mr. Armajo's challenge to the district court's imposition of a strike pursuant to § 1915(g), and we assess another strike because he has not presented a reasoned, non-frivolous argument on appeal.

Under the three-strikes provision of § 1915(g), "a prisoner is barred from bringing new civil cases or appeals in civil cases without the prepayment of filing fees if three prior civil cases or appeals in civil cases have been dismissed as frivolous, malicious, or for failure to state a claim." *Smith v. Veterans Admin.*, 636 F.3d 1306, 1309 (10th Cir. 2011).  "[A] dismissal under § 1915 counts as a strike

when the action was dismissed as frivolous, malicious, or for failure to state a claim, the same grounds listed in § 1915(g)." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1177 (10th Cir. 2011), *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534 (2015).

Here, the district court dismissed Mr. Armajo's claims for failure to state a claim, which is a permissible basis for imposing a strike. *See id.* at 1178. Before doing so, it took judicial notice of his prior failed efforts to obtain relief based on the same and similar claims. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (recognizing that federal courts may take judicial notice of publicly filed records in their own and "certain other courts concerning matters that bear directly upon the disposition of the case at hand"). Those prior actions included federal habeas proceedings raising ineffective-assistance-of-counsel claims that parrot some of the allegations in his § 1983 complaint. *See Armajo v. Wyo. Att'y Gen.*, No. 22-8049, 2023 WL 2028967, at *1-2 (10th Cir. Feb. 16, 2023) (describing ineffective-assistance claims, including failure to raise issues on appeal), *cert. denied sub nom. Armajo v. Hill*, 143 S. Ct. 2601 (2023); *Armajo v. State of Wyo.*, No. 23-8052, 2023 WL 6173512, at *1 (10th Cir. Sept. 22, 2023) (describing ineffective-assistance claims, including that counsel were ineffective for withholding transcripts and other evidence). Mr. Armajo had also filed a prior civil rights action making similar allegations in the District of Minnesota, which was dismissed under § 1915A(b) for many of the same reasons the district court relied on in dismissing his claims in this case. *See Armajo v. State of Minn.*, No. 22-CV-396, 2022 WL

9

2919447, at *2-3 (D. Minn. June 27, 2022), *report and recommendation adopted sub nom. Armajo v. Minnesota*, No. 22-CV-396, 2022 WL 2918980 (D. Minn. July 25, 2022), *aff'd*, No. 22-2791, 2022 WL 18781409 (8th Cir. Oct. 6, 2022).

We also take judicial notice of Mr. Armajo's prior related litigation, and we find no error in the district court's imposition of a strike for filing a frivolous action.

Finally, we dismiss this appeal as frivolous and impose another strike. "An appeal may be frivolous if it consists of irrelevant and illogical arguments based on factual misrepresentations and false premises, or when the result is obvious, or the appellant's arguments of error are wholly without merit." *Wheeler v. Comm'r*, 528 F.3d 773, 782 (10th Cir. 2008) (internal quotation marks omitted). Given the relevant caselaw, the result here was obvious and Mr. Armajo's arguments to the contrary are meritless.

## Conclusion

We dismiss the appeal as frivolous. Because we have determined that the appeal is frivolous, we also deny leave to proceed IFP on appeal, despite the district court's order granting his motion to proceed IFP on appeal. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (stating that an appellant must show both a financial inability to pay "and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal"). The

10

district court's dismissal counts as one strike, *see Hafed*, 635 F.3d at 1177-78, and our dismissal counts as a second strike, *see id.* at 1179.

Entered for the Court

Allison H. Eid
Circuit Judge
