**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 13 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

NATHANIEL W. ELLIBEE,

     Plaintiff-Appellant,

v.

STANTON A. HAZLETT, Kansas
State Disciplinary Administrator,
Topeka, KS, in his official capacity;
DAVID J. ORR, Officer, Kansas
Supreme Court; JAMES G.
CHAPPAS, Officer, Kansas Supreme
Court; LLOYD R. GRAHAM, Officer,
Kansas Supreme Court, in their
individual and official capacities,

     Defendants-Appellees.

No. 04-3128
(District of Kansas)
(D.C. No. 03-CV-3023-GTV)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **MURPHY**, and **McCONNELL**, Circuit Judges.

---

     After examining appellant's brief and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Proceeding *pro se*, Nathaniel W. Ellibee appeals the district court's dismissal of the civil rights complaint he brought pursuant to 42 U.S.C. §§ 1983 and 1985.[1] Ellibee alleged that his Sixth and Fourteenth Amendment rights were violated by three attorneys who represented him in various criminal and civil matters and that his First, Sixth, and Fourteenth Amendment rights were violated by the Kansas Disciplinary Administrator. Ellibee also asserted numerous state law claims against the three attorney-defendants, including allegations of fraud and breach of contract. Ellibee sought both monetary damages, injunctive relief, and attorney's fees pursuant to 42 U.S.C. § 1988.

The district court dismissed the federal claims asserted against the Kansas Disciplinary Administrator, concluding that the administrator had immunity from claims for damages and that Ellibee lacked standing to bring a civil action against the individual charged with the investigation and resolution of attorney disciplinary complaints. *See Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993). The district court also dismissed the federal constitutional claims asserted against the three attorneys, concluding that the attorneys had not

---

[1] Although Ellibee did not specifically rely on 42 U.S.C. § 1985, his amended complaint contains allegations that defendants conspired to deprive him of his constitutional rights and the district court addressed the claim.

acted under color of state law for purposes of stating a claim for relief under 42 U.S.C. § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) ("To state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.")  Neither public defenders performing their "traditional functions as counsel to a defendant in a criminal proceeding" nor private attorneys act under color of state law.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983).  In its order denying Ellibee's Rule 59(e) motion, the court also concluded that Ellibee had failed to present a cognizable claim of a conspiracy among the attorneys and the Kansas Disciplinary Administrator.  Accordingly, the court dismissed the federal claims asserted against all defendants.  *See McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991) (holding district court may dismiss *sua sponte* a *pro se* complaint for failure to state a claim when it is "patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile" (quotation and citations omitted)); 28 U.S.C. § 1915(e)(2)(B);  Fed. R. Civ. P. 12(b)(6).

In its initial order, the district court also concluded that Ellibee had failed to allege an amount in controversy that exceeded the $75,000 threshold for

establishing diversity jurisdiction under 28 U.S.C. § 1332 and had failed to demonstrate that he was not a citizen of Kansas. The court declined to exercise supplemental jurisdiction over the state-law claims asserted against the attorney-defendants and, accordingly, dismissed those claims without prejudice.

In his Rule 59(e) motion, Ellibee drew the court's attention to the fact that his amended complaint included a prayer for exemplary and punitive damages against each attorney-defendant in excess of the $75,000 jurisdictional limit and the district court corrected its initial order accordingly. Ellibee also alleged in the motion that he is a citizen of the state of Idaho and attached an affidavit in support of this allegation. *Singletary v. Cont'l Ill. Nat'l Bank & Trust Co.*, 9 F.3d 1236, 1238 (7th Cir. 1993) ("[Citizenship] should be the state of which [the prisoner] was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that state."). The district court, however, did not consider Ellibee's arguments because it concluded that Ellibee could not pursue his state-law malpractice claims until he first demonstrated that he had obtained post-conviction relief. *See Canaan v. Bartee*, 72 P.3d 911, 921 (Kan. 2003) (holding that a plaintiff must first obtain post-conviction relief before suing his criminal defense attorney for malpractice).

We have reviewed the record, Ellibee's brief, and the applicable law and affirm the district court's dismissal of the claims Ellibee asserted against

defendants pursuant to § 1983 for substantially the reasons stated by the district court. We also affirm the dismissal of the claims Ellibee asserted pursuant to § 1985 but on grounds other than those relied upon by the district court. "In order to support a section 1985(3) claim, the plaintiff must be a member of a statutorily protected class, and the actions taken by defendant must stem from plaintiff's membership in the class." *Silkwood v. Kerr-McGee Corp.*, 637 F.2d 743, 746 (10th Cir. 1980). Ellibee has asserted that the alleged conspiracy was motivated by his membership in a class consisting of "incarcerated felons." This is not a class protected by § 1985. Accordingly, Ellibee's federal conspiracy claim fails.

Finally, as to the state malpractice claims asserted against the three attorney-defendants, the district court improperly failed to first examine whether it had subject matter jurisdiction before dismissing the claims on the basis that Ellibee had not demonstrated that he had obtained post-conviction relief. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quotation omitted)). It is necessary, therefore, to examine Ellibee's prayer for relief and allegation of Idaho citizenship to determine whether there is diversity jurisdiction over this part of his suit.

If the district court concludes it has subject matter jurisdiction, it must then consider whether the principle of *Canaan v. Bartee*, 72 P.3d 911, 921 (Kan. 2003), which holds that a plaintiff may not sue a criminal defense attorney unless he has first sought and obtained post-conviction relief, is applicable to all of Ellibee's state-law malpractice claims. In this connection, we note, that only defendant Orr served as Ellibee's criminal defense attorney. The remaining two attorney-defendants were allegedly retained by Ellibee to represent him in two civil matters.

That portion of the district court's order dismissing the federal claims asserted against all four defendants and is hereby **affirmed**. The portion of the court's order dismissing the state-law claims asserted against defendants Orr, Chappas, and Graham is **reversed** and the matter **remanded** to the district court for further proceedings not inconsistent with this opinion.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-6-