FILED
United States Court of Appeals
Tenth Circuit

April 5, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT DAVID DUNN,

      Plaintiff-Appellant,

  v.

HARPER COUNTY, GEORGE H.
LEACH, Judge, CRIEG
RITTENHOUSE, Assistant District
Attorney for Harper County, HENRY
A. MEYER, III, Counsel, TWILA
EASTERWOOD, Court Clerk; LINDA
CROUCH, Deputy Court Clerk,

      Defendants-Appellees.

No. 12-6222

(W.D. of Okla.)

(D.C. No. 5:12-CV-00587-HE)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **EBEL** and **TYMKOVICH**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Robert David Dunn, an Oklahoma prisoner proceeding *pro se*,[1] appeals the district court's dismissal of his civil rights suit alleging a conspiracy to imprison him for longer than the terms outlined in his plea agreement. He has also moved to proceed with this appeal *in forma pauperis*.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's dismissal of this suit, deny Dunn's renewed motion to proceed *in forma pauperis*, and assess Dunn two strikes pursuant to 28 U.S.C. § 1915(g).[2]

## I. Background

Twenty-one years ago Dunn pleaded guilty to two counts of rape and two counts of sodomy. He received concurrent life sentences for the two rape counts and concurrent twenty-year sentences for the two sodomy counts. The sentences for rape and sodomy were to be served consecutively to each other.[3]

---

[1] Because Dunn is proceeding *pro se*, we construe his pleadings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

[2] Dunn previously filed a habeas petition raising essentially the same allegations as here, which we dismissed as untimely. *See Dunn v. Parker*, 389 F. App'x 787 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 1051, *reh'g denied*, 131 S. Ct. 1722 (2011). He has filed a second habeas petition which we have similarly dismissed in an order also issued today. *See Dunn v. State of Oklahoma*, No. 12-6280 (10th Cir. April 5, 2013).

[3] Although it is not entirely clear from the record, Dunn also appears to have pleaded guilty to two charges of child sexual abuse resulting in two one-year sentences to run concurrently with the two life sentences that Dunn received for the rape convictions.

Relying upon 42 U.S.C. § 1983, in this case Dunn sued nearly everyone involved in his sentencing—the judge, various clerks of the court, the assistant district attorney, the municipality where he was charged and sentenced, and his appointed defense attorney—alleging that all these actors had conspired to extend his term of imprisonment beyond what was contemplated by the original plea agreement. Although Dunn's reasoning is difficult to follow, he suggests that, under the terms of his plea agreement, he was to serve his life sentences for the rape charges first and the sentences for sodomy second. Yet because the district court listed the sodomy sentence first, Dunn argues that he will somehow serve a longer sentence, in contravention of the plea agreement and in violation of his right to due process.

Pursuant to 28 U.S.C. § 1915A(b)(1) and (2), the district court dismissed Dunn's complaint, reasoning that it was barred under the doctrine announced by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994), which precludes recovery of damages under § 1983 unless the plaintiff can prove that the conviction or sentence has been reversed or otherwise declared invalid. Further, the court noted that, even absent the *Heck* bar, most of the defendants named in the suit were entitled to absolute immunity because they were acting in their capacities as prosecutors, clerks, or judges, and Dunn relied on nothing more than conclusory allegations to suggest that they would not enjoy such immunity. Finally, as to the claims against the municipality and Dunn's defense attorney, the

district court dismissed the claims because of Dunn's failure to allege facts sufficient to show that these actors were even liable under § 1983.

After the district court dismissed Dunn's suit, he requested certification to appeal *in forma pauperis*. The district court denied the request on the ground that the appeal was frivolous. Dunn appealed anyway, reiterating allegations before this court that the defendants violated his due process rights by conspiring to reverse the sequence of his sentences. He also argues for the first time on appeal that the defendants have violated his right to equal protection by making him serve the sentences in this particular order while allowing others to serve their sentences in a different manner. Finally, he renews his request to proceed *in forma pauperis*.

## II. Analysis

As an initial matter, we decline to reach Dunn's claims against Harper County and his equal protection claim. Dunn has waived his claim against Harper County by failing to dispute the district court's conclusion that Dunn had failed to allege a "municipal policy, practice, or custom" causing him injury. Further, Dunn raises an equal protection claim for the first time on appeal but fails to articulate any reason why this court should sway from the "general rule that we do not address arguments presented for the first time on appeal." *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002).

-4-

As to the claims against the remaining parties to the plea agreement, we review the district court's sua sponte dismissal *de novo* because it turned on a matter of law. *See Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006). Further, because absolute immunity is properly viewed as "immunity from suit rather than a mere defense to liability," *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985), when feasible, we have held that it is appropriate to resolve a question of whether absolute immunity applies before addressing whether *Heck* dictates dismissal without prejudice. *See, e.g.*, *Jiron v. City of Lakewood*, 392 F.3d 410, 413–14 (10th Cir. 2004) (citing *Mitchell*). Thus, we address the question of whether the defendants are immune from suit before addressing *Heck*'s potential application.

We agree with the district court that the judge, court clerks, and prosecutor are all entitled to absolute immunity under well-established precedent from the Supreme Court and this court. *See Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982) (absolute immunity for judges acting in their judicial capacity); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (same for prosecutors during the "judicial phase of the criminal process"); *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1247 (10th Cir. 2007) (same for court clerks in the "discharge of judicial functions"). Dunn offers only conclusory allegations of extra-official behavior, asserting that a conspiracy can be inferred from the defendants' assent to his guilty plea. These bald assertions are insufficient to strip these defendants of absolute immunity.

-5-

Further, it is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing their traditional functions as counsel to a criminal defendant. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983); *see also Ellibee v. Hazlett*, 122 F. App'x 932, 934 (10th Cir. 2004). While a private actor who conspires with a judge to deprive someone of a constitutional right can be acting under color of state law, *see Dennis v. Sparks*, 449 U.S. 24, 28–29 (1980), a plaintiff pursuing such a theory of liability must rely on something more than conclusory allegations to state such a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Finally, while dismissal without prejudice is normally appropriate for failure to plead a cause of action with sufficient specificity, dismissal with prejudice is proper "when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (internal quotation marks and citation omitted).

Here, Dunn relies on nothing more than baseless assertions that his defense attorney conspired with court personnel and prosecutors to deprive him of his constitutional rights. Such assertions do not pass muster under *Iqbal*, and allowing Dunn the opportunity to amend his claim would prove futile. We

-6-

therefore agree with the district court that the claim should be dismissed with prejudice.

It is also clear, as the district court reasoned, all of Dunn's claims are barred by *Heck*, 512 U.S. at 486–87. Under *Heck*, criminal defendants seeking economic damages for alleged unconstitutional imprisonment who cannot show their sentences have been invalidated are not entitled to relief under § 1983. Yet Dunn is a criminal defendant seeking economic damages under this statute and cannot point to any rule allowing him to escape this obstacle to relief. The claim therefore fails.

Even if a prisoner is not proceeding *in forma pauperis*, "dismissal under § 1915A counts as a strike [under § 1915(g)] when the action was dismissed as frivolous, malicious, or for failure to state a claim, the same grounds listed in § 1915(g)." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1177 (10th Cir. 2011). A claim barred by *Heck* is frivolous and counts as a strike under § 1915(g). *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1249 (10th Cir. 2007). A district court's reliance on additional grounds for dismissal beyond *Heck* does not prevent a dismissal under *Heck* from counting as a strike. *Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011). If we affirm the district court's dismissal on strike-worthy grounds and find the appeal frivolous, we should assess two strikes total. *Davis*, 507 F.3d at 1249.

We also agree that Dunn's claims would be dismissed under *Heck* and additional grounds, so we determine that Dunn should be assessed one strike for the district court's dismissal. Because Dunn's claims were based on an indisputably meritless legal theory and his appeal is based on his conclusory rejection of the district court's dismissal, we determine Dunn's appeal to be frivolous and accordingly assess him a second strike.

## III.  Conclusion

Based on the foregoing analysis, we AFFIRM the district court's dismissal of this suit, DENY Dunn's motion to proceed *in forma pauperis*, ASSESS Dunn two strikes pursuant to § 1915(g), and REMIND Dunn that his filing fee must be paid in full.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge